LAUENSTEIN VS. THE CITY OF FOND DU LAC.

CITY CHARTER: (1, 2) *Charter of Fond du Lac — Power to contract for school house site, in whom vested; such power cannot be delegated.*
PLEADING: (3) *Averment of power in city officers—Averment of ratification.*

1. The charter of a city gives the common council a general power to purchase land for the necessary purposes of the corporation; but by another section it provides that the board of education shall have power, with the consent of the common council, to buy sites for school houses in said city. *Held*, that the general power of the council is qualified by this provision, and that a valid purchase of a site for a school house can be made only by the concurrent action of the two bodies.

2. The board of education and common council cannot delegate the power of purchasing a school house site to a board of commissioners of said city, without an express grant from the legislature of authority to do so.

3. In an action upon an alleged contract of the city to purchase for a school house site certain land of plaintiff at an agreed price, the complaint alleged that the contract was entered into by the board of public works in behalf of the city; that said board was authorized and empowered by the city to enter into said contract; and that the city subsequently ratified it: *Held, on demurrer*,

(1.) That the allegation of power in the board of public works is insufficient, no statute appearing to confer any such power upon that board, or authorize a delegation of such power to it; and there being no averment of any action by the common council or board of education in relation thereto.

(2.) That the averment of a *ratification* of such contract by the defendant is insufficient, no acts constituting such ratification being alleged.

APPEAL from the Circuit Court for *Fond du Lac* County.

The court overruled a demurrer to the complaint as not stat-

ing a cause of action; and the defendant appealed. The substance of the complaint is stated in the opinion.

*N. C. Giffin*, for appellant, to the point that the averment of authority in the board of public works, derived from the defendant city, to make the contract sued on, was an averment merely of a conclusion of law, and insufficient, cited *Myers v. Machado*, 6 Duer, 678; and *Supervisors of Franklin v. Kirby*, 25 Wis., 498. He also argued that that board could have no power under the charter to enter into such a contract; that the power was vested in the board of education, and could not be delegated to the other board; and that the averment as to ratification was insufficient.

*Gillet, Pier & Bass*, for respondent. [No brief.]

LYON, J. The action is to recover damages for the alleged breach of the covenants of a written contract set out in the complaint. The substance of such contract is, that the plaintiff agrees to sell and the defendant to purchase certain premises therein described, situated within said city, for eighteen hundred dollars, to be paid January 30th, 1870, with seven per cent. interest; and on payment being so made, the plaintiff agreed to convey said premises to the defendant, by deed with full covenants, free and clear of all liens and incumbrances. The contract bears date October 1st, 1869, and by its terms gave the defendant immediate possession of the premises. It purports to have been executed by the plaintiff, and by three other persons who style themselves the "Board of Public Works of the City of Fond du Lac."

The complaint alleges that the three persons last mentioned were, when such contract was executed, a board of public works in and for said city; that they made such contract for and on behalf of the defendant; that they were authorized and empowered by the defendant to do so; that since the execution of the contract the defendant has fully ratified it; that it has been duly countersigned by the comptroller of the defendant; and that the

premises described therein were purchased for a school house site.   The plaintiff, in his complaint, avers readiness to perform the contract on his part ; charges that the defendant refuses and neglects to perform it on its part; and demands judgment for $1,800 and interest.   The defendant interposed a demurrer to this complaint, assigning as ground thereof that the complaint does not state facts sufficient to constitute a cause of action.

From an order of the circuit court overruling such demurrer, the defendant appeals to this court.

We are clearly of the opinion that the complaint fails to state a cause of action against the city.

The only *specific* power to purchase land for school house sites, conferred upon the defendant by law, so far as we are able to find, is contained in section 6 of chapter 18 of the city charter.   Private and Local Laws of 1868, chapter 59, p. 143. It is there provided that the board of education shall have the power, by and with the consent of the common council, to buy sites for school houses in said city.   It was doubtless the intention of the legislature to require the concurrence of both bodies, the board of education and the common council, in the purchase of land for a school house site.   The general power to purchase land for the necessary purposes of the corporation, which is given to the defendant by section 2 of chapter 2 of its charter, doubtless includes, in the absence of any other provision on the subject, the power to purchase the same for school house sites ; but it is quite evident that such *general* power must be exercised, in any given case, in the manner provided by law, where there is any special provision of law on the subject.   In respect to the purchase of land for a school house site, there being such special provision, the purchase must be made in accordance therewith, or the city is not bound.

The complaint does not aver that either the board of education or the common council have had anything to do with the alleged contract of purchase, or any connection with it.

It is true, the complaint states that the members of the board

of public works, who made this contract on behalf of the city, were authorized by the city to make it, and that, since the execution of it, the city has fully ratified it; but we are not informed as to the manner in which such authority was conferred, or by what acts such ratification was accomplished.

We have not had the benefit of an argument or a brief on behalf of the plaintiff; but we have examined the charter of the defendant with considerable care, and have found no provision which permits the board of education and the common council to delegate to the board of public works the power to purchase a school house site. If the charter contains any such provision, we have overlooked it. Without such provision, we are at a loss to understand how the power can be so delegated. As at present advised, therefore, we do not think the allegation that the board of public works had full power and authority to enter into the contract in question on behalf of the defendant, has any force or significance.

If the defendant has done acts since the execution of the contract which are a legal ratification thereof, the well settled rules of pleading seem to require that such acts should be set out in the complaint.

We think the demurrer should have been sustained. The order overruling it must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — It is so ordered.