## Lord vs. The City of Oconto.

*(1) Pleading.   (2) Delegated power (of city council) not to be delegated.*

Complaint, that by certain acts of the legislature the defendant city was authorized to construct a pier into Green Bay and a road thereto from the city limits, and to keep the road in good repair, and the mayor and common council of said city were empowered to fix, regulate and collect tolls upon said pier; that, the city having constructed such pier and road, the common council leased the pier to plaintiff for one year for a specified sum; that by said lease plaintiff acquired the valuable privilege of charging commissions for all merchandise and freight landed at or shipped from said pier, which amounted to a specified sum for the year previous to the action; and that, by reason of defendant's neglect to maintain said road in good repair, plaintiff had suffered damage by loss of tolls or commissions for the use of said pier, in a sum named.   *Held,* on demurrer,

1. That as there is no averment that the mayor and common council, or the plaintiff under his lease, had ever fixed and regulated the tolls upon the pier, no damage is shown.

2. That the power of the common council to regulate the tolls could not be delegated, and the lease was void.

Lord vs. The City of Oconto.

APPEAL from the Circuit Court for *Oconto* County.

This appeal was taken by the plaintiff from an order sustaining a demurrer to the complaint as not stating a cause of action. The substance of the complaint is stated in the opinion.

The cause was submitted on the brief of *W. H. Webster* for the appellant, and that of *Hastings & Greene* for the respondent. To the point that the alleged lease of the pier in question, by the city of Green Bay to the plaintiff, was void, because the city held the power to regulate the tolls at such pier as a trust for the public, and could not abandon the trust, or deprive itself of the power of regulating the tolls at any time by its officers, respondent's counsel cited *Milhau v. Sharp,* 27 N. Y., 611; *Thompson v. Schermerhorn,* 6 id., 92; *Brooklyn Park Comm'rs v. Armstrong,* 45 id., 234; 32 id., 261; *State v. Mayor, etc.,* 3 Duer, 130; *Britton v. Mayor,* 21 How. Pr., 251; *Gale v. Kalamazoo,* 23 Mich., 344; *Davenport v. Kelley,* 7 Clarke (Iowa), 102; *Mullarky v. Cedar Falls,* 19 Iowa, 21; *Oakland v. Carpentier,* 13 Cal., 540; 102 Mass., 19; *Day v. Green,* 4 Cush., 433-9; *Goszler v. Georgetown,* 6 Wheat., 593; *Lauenstein v. Fond du Lac,* 28 Wis., 336; Cooley's Con. Lim., 204 et seq.; Dillon on M. C., §§ 60, 445, 567, 618. Even private corporations cannot, without express authority, transfer corporate property or powers in which the public has an interest. *Comm. v. Smith,* 10 Allen, 448; *Richardson v. Sibley,* 11 id., 65.

ORTON, J. The complaint states, substantially, that the city of Oconto, by chapter 104, P. & L. Laws of 1870, and chapter 256, P. & L. Laws of 1871, was authorized to construct a pier into Green Bay, and a road from the limits of the city to connect with the same, and to keep the road in good repair, and the mayor and common council of said city were empowered to fix, regulate and collect tolls upon said pier, and, the city having constructed the same, the common council leased the pier to the plaintiff for one year for $105, which was paid; and that

by virtue of said lease the plaintiff acquired the valuable right and privilege to charge commissions for all merchandise and freight landed at and shipped from said pier, which amounted in the year previous to the sum of $721. The action is brought for damages in the loss of tolls or commissions for the use of said pier during said year, occasioned by the want of repair of said road. A general demurrer to this complaint was sustained, and the plaintiff appeals.

It is quite clear that the plaintiff obtained by this lease, if anything, the tolls of the pier and the right to fix and regulate the same only, and not the pier itself; for the pier as well as the road was constructed for the use of the public. The complaint does not show that the mayor and common council ever fixed and regulated the tolls upon the pier, except inferentially, or that the plaintiff, under the lease, had exercised the power, and therefore shows no damages. But the lease itself is unquestionably void.

The power to regulate the tolls was vested *solely*, by the legislature, in the mayor and common council, and such power could not be delegated by the common council alone, or jointly with the mayor, to any other officers or persons by lease or otherwise. This principle is elementary, and scarcely needs the support of reported cases, but is most distinctly recognized in all of the cases upon the subject. 1 Dillon on M. Corp., §§ 60, 445, 618; Cooley's Con. Lim., § 204. In *Lauenstein v. The City of Fond du Lac*, 28 Wis., 336, where the law conferred upon the common council, in connection with the board of education, the power to purchase a site for a school house, it was held that such power could not be delegated by the common council to the board of public works, and that a contract for the purchase of such site, entered into by the board of education, was not binding.

In *Mullarky, Administrator, v. The Town of Cedar Falls*, 19 Iowa, 21, where the town conveyed away by deed of trust a toll bridge, with the franchise of collecting the tolls, it was

held that the town could not delegate such power to collect the tolls, and that the deed for such purpose was void. The same principle, in nearly parallel cases, is recognized in *Gale v. The Village of Kalamazoo*, 23 Mich., 344, and in *Milhau and others v. Sharp and others*, 17 Barb., 435, and in the numerous cases in the brief of the respondent's counsel.

The lease being void, the plaintiff obtained no right which could be impaired by the neglect of the city to keep the road in repair, and suffered no damage. The demurrer was properly sustained.

*By the Court.* — The order of the circuit court sustaining the demurrer to the complaint is affirmed, with costs; and the cause remanded for further proceedings according to law.