FRENCH vs. DUNN COUNTY.

*October 5 — October 23, 1883.*

COUNTIES.   *(1) Statement of claims: jurisdiction of county board. (2) Delegation of powers of board to committee. (3) Action of committee binding. (4) "Farm for county poor-farm" not necessarily improved land.*

1.  A statement of a claim against a county, containing a description of land purchased by a committee of the county board for a poor-farm, and stating the number of acres and the purchase price, is. sufficient, under sec. 677. R. S., to give the county board jurisdiction to act thereon, although it also contains an item or charge of $100 for "interest and damages." The board might refuse to act on such last-mentioned item until it was made more definite.

2.  A county board may delegate to a committee of its members the power to purchase a poor-farm for the county.

3. When a committee so empowered has purchased a farm and accepted a conveyance thereof, the county is liable for the purchase price; and subsequent action of the board ratifying or disaffirming the purchase is immaterial.

4. Under a resolution authorizing a committee "to purchase a suitable farm for a county poor-farm," the committee may, in its discretion, purchase unimproved lands.

APPEAL from the Circuit Court for *Dunn* County.

On November 15, 1881; the plaintiff presented to the county board of the defendant county a duly verified claim, as follows:

MENOMONIE, WIS. November 15, 1881.

*Dunn County,*

To S. B. FRENCH, *Dr.*

March 1, 1881. For S. E. ¼ of S. E. ¼ Sec. 19, Township 28, Range 12, and S. W. ¼ of S. W. ¼ Sec. 20, Township 28, Range 12.— Purchased by committee of County Board for a Poor-Farm — 80 acres ........................................$1,900

Interest and damages ............. ............................ 100.

$2,000

The county board disallowed the claim on November 19th, and the plaintiff appealed to the circuit court. In that court a motion was made on behalf of the defendant to dismiss the action for the reasons (1) "that the claim or so-called statement was never made and presented to the board as required by law, the plaintiff having failed to set forth the nature of his claim, and the facts upon which it was founded and the items thereof separately and the nature of each, as required by law;" (2) "that said board had no jurisdiction to act upon or consider said claim or statement so made out, and that the court had no appellate jurisdiction thereof." The motion was denied.

Formal pleadings were filed, the complaint alleging, in substance, that the plaintiff sold the land to the county through its committee duly authorized to make the purchase, on March 1, 1881, for the sum of $1,900, and duly executed

and delivered his warranty deed thereof. The complaint also alleges the presentation of the claim, its disallowance, and that no part of the purchase price has been paid, and demands judgment for $1,900 and interest from March 1, 1881. The answer admits that the defendant is a duly organized county, and denies all other allegations of the complaint.

The trial was by the court, a jury having been waived, and resulted in findings and a judgment in favor of the plaintiff for $1,900, with interest from the date of the disallowance of his claim by the county board. The defendant appealed.

For the appellant there was a brief by *F. J. & W. C. Mc-Lean*, and oral argument by *Mr. F. J. McLean*. To the point that the selection and purchase of lands involve a judicial discretion, and the powers of the county board in that respect cannot be delegated, they cited: Dillon on Mun. Corp., sec. 60; *Lauenstein v. Fond du Lac*, 28 Wis., 336; *Lord v. Oconto*, 47 id., 386; *Clark v. Washington*, 12 Wheat., 54; *Lyon v. Jerome*, 26 Wend., 485; *Thompson v. Schermerhorn*, 6 N. Y., 92; *Birdsall v. Clark*, 73 id., 73; *Supervisors v. Brush*, 77 Ill., 59; *Thomson v. Boonville*, 61 Mo., 282; *State v. Fiske*, 9 R. I., 94; *State v. Paterson*, 34 N. J., 168; *Hydes v. Joyes*, 4 Bush, 464; *Oakland v. Carpentier*, 13 Cal., 540; *Whyte v. Nashville*, 2 Swan (Tenn.), 364; *Mullarky v. Cedar Falls*, 19 Iowa, 21; *Gale v. Kalamazoo*, 23 Mich., 344; *Milhan v. Sharp*, 17 Barb., 435; *Davis v. Read*, 65 N. Y., 566; *Bellinger v. Gray*, 51 id., 610; *People ex rel. v. Supervisors*, 84 Ill., 303; *East St. Louis v. Wehrung*, 50 id., 28.

*Levi M. Vilas*, for the respondent, to the point that the delegation of authority to the committee was lawful, cited: *Rockwood v. Woodford*, 25 Wis., 443; *Hitchcock v. Galveston*, 96 U. S., 341; 1 Dillon on Mun. Corp., secs. 450, 452.

Cole, C. J. The objection that the statement of the claim which was presented to the county board for its action did

not comply with sec. 677, R. S., and was fatally defective, is clearly untenable. The section requires the statement to be in writing, setting forth the nature of the claim, and the facts upon which it is founded. Where the claim is an account, the items are to be stated separately. The statement in question conforms to these essentials. It contains a description of the land purchased by the committee for a poor-farm; states the number of acres, and the purchase price. It is true, it also contains an item or charge of $100 for "interest and damages." The board might have refused to act upon this item until it was made more definite, so as to show the nature of the damages claimed. But that the statement was sufficient, both in form and substance, to give the board jurisdiction, seems to us too plain for discussion.

But the more important question remains to be considered, namely, Was the county legally bound by what was done to pay plaintiff for his farm? It appears that by a resolution adopted by the board at its annual session in November, 1880, a committee of three supervisors, which had theretofore been appointed, was expressly authorized to purchase a suitable farm for a county poor-farm, provided the cost thereof should not exceed $3,000. Acting under that resolution, the committee did purchase the plaintiff's farm for the consideration of $1,900. A deed of the land was executed by the plaintiff, which was duly acknowledged and delivered to the committee. The committee accepted the conveyance. There is no suggestion that there was any fraud or mistake in the transaction. These facts, we think, are fully established by the evidence. Was there any defect or irregularity in the proceedings which invalidated the contract? We cannot perceive that there was. There can be no just claim that the committee did not act strictly within the scope of the authority conferred by the resolution.

But it is said by the learned counsel for the defendant that the resolution attempted to delegate an authority to

the committee which the legislature intended should be exercised by the body itself. This position we deem unsound. The distinction between town and county poor, in this county, had been abolished by resolution, which was to take effect in the future. The statute gave the board power in that case to levy a tax "for the purpose of purchasing or hiring a suitable farm and dwelling," to which the poor of the county might be removed. Sec. 1523, R. S. The statute also declares that the powers of a county as a body corporate can only be exercised by the county board, "*or in pursuance of a resolution or ordinance by them adopted*." Sec. 652. The power to purchase the farm was exercised by the committee pursuant to a resolution adopted by the board. The action taken seems to conform to both the letter and spirit of the law in respect to the execution of corporate authority, unless there is something in the nature of the act to be performed which rendered it essential it should be executed by the entire board. There are, doubtless, powers vested in the county board which could not be delegated to any committee. Powers which are legislative in their character, which are confided to the judgment and discretion of the board itself, such as the levying of taxes, must be exercised under the immediate authority of the board. The counsel for the county says the purchase of a poor-farm involves the exercise of judgment and discretion in its selection. So it does, in a certain sense. So, as plaintiff's counsel suggests, does the purchase of a lock for the county jail, or suitable fuel for the county buildings, or the purchase of many other things which the county has to procure. But it has not been understood that it was necessary for the entire board to transact such business. The statute must have a reasonable interpretation, so as to make it practicable in the transaction of county business. The power to purchase a poor-farm can be as well exercised by a competent committee as by the whole body. Therefore, in the absence

of any explicit provision of law showing that it was intended to intrust this duty to the county board alone, we think it might be exercised by a committee pursuant to a resolution by them adopted. There is a plain distinction between this case and *Lauenstein v. Fond du Lac*, 28 Wis., 336; *Lord v. Oconto*, 47 Wis., 386; and that class of cases. In its leading features it is quite like the case of *Rockwood v. Woodford*, 25 Wis., 443.

But it is further said, on behalf of the county, assuming that the board could delegate to a committee the authority to purchase a poor-farm, still the purchase made was so incomplete as not to bind the county. This position is not sustained by the facts which were conclusively proven. The evidence clearly shows,— as we have said,— that the committee purchased the farm and took a deed therefor. It became an executed contract. Nothing further remained to be done except the payment of the consideration.

It was further objected that the committee exceeded its powers in purchasing wild and uncultivated lands, when only authorized " to purchase a suitable farm for a county poor-farm." It is true, this is the verbiage of the resolution, but we do not think it restricted the selection to be made to improved farms. It might not be possible to find an improved farm in a desirable locality which was adapted to the purpose intended. It might be for the best interest of the county to make the needed improvements at its own expense; to construct the necessary buildings rather than purchase them. Consequently, the matter whether the lands acquired should be improved or not, was confided to the judgment and discretion of the committee. The committee was doubtless restricted as to price, but in no other respect.

We have considered the purchase made by the committee, and the delivery and acceptance of the deed, as constituting a complete legal contract. The board subsequently took action on the report of the committee, at one time ratifying

the purchase, then reconsidering that vote. But, according to our understanding of the resolution, the committee was fully empowered to purchase a farm without further action by the board itself. It did make such a purchase and the county is bound by it. We shall not, therefore, attach any importance to what the board attempted to do in the matter. The effect of the action of the board will not, therefore, be further considered, as a complete contract of purchase had been made by the committee.

The judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.