GLENN L. HENRY, Corporation Counsel, Dane County *Page 215 
You have requested my opinion whether a county board can delegate to a committee of the board the authority to make all appointments to county board committees created under sec. 59.06, Stats., without necessity of further action or confirmation by the board.
It is my opinion that the board is without such authority in view of the provisions of sec. 59.06 (1), Stats., which provides:
"(1) The board may by resolution designating the purposes and prescribing the duties thereof and manner of reporting authorize their chairman to appoint before June 1 in any year committees from the members of the board, and the committees so appointed shall perform the duties and report as prescribed in such resolution."
There is no statute which requires county boards to have committees of the board. The board can exercise the legislative and administrative powers delegated to it by the legislature as a collective body.
Article IV, sec. 22, Wis. Const., provides:
"Powers of county boards. SECTION 22. The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."
County boards in Wisconsin have traditionally carried out many of their investigative powers for legislative purposes and administrative powers through the use of committees of the board. In 19 OAG 302, 304 (1930), it is stated:
"* * * committees of the board are not separate officers but are mere agents of such board and they have no power as such except to act under the authority of the appointing body to perform some duty or assist in the performance of some of the duties of such body."
Section 59.02 (1), Stats., provides:
"(1) The powers of a county as a body corporate can only be exercised by the board thereof, or in pursuance of a resolution or ordinance adopted by it." *Page 216 
The power to create a committee and to provide for its scope and purposes is legislative in nature and could not be delegated to a committee. Powers of a ministerial or administrative nature, although involving some discretion, can be delegated. A statute, however, may require a specific manner of delegation. In Frenchv. Dunn County (1883), 58 Wis. 402, 406, 17 N.W. 1, it was stated:
"* * * The power to purchase the farm was exercised by the committee pursuant to a resolution adopted by the board. The action taken seems to conform to both the letter and spirit of the law in respect to the execution of corporate authority, unless there is something in the nature of the act to be performed which rendered it essential it should be executed by the entire board. There are, doubtless, powers vested in the county board which could not be delegated to any committee. Powers which are legislative in their character, which are confided to the judgment and discretion of the board itself, such as the levying of taxes, must be exercised under the immediate authority of the board. * * * The power to purchase a poor-farm can be as well exercised by a competent committee as by the whole body. Therefore, in the absence of any explicit provision of law showing that it was intended to intrust this duty to the county board alone, we think it might be exercised by a committee pursuant to a resolution by them adopted."
Also see Forest County v. Shaw (1912), 150 Wis. 294, 301, 302,136 N.W. 642; First Savings Trust Co. v. Milwaukee County
(1914), 158 Wis. 207, 227, 228, 148 N.W. 22.
It can be argued that the board can create committees, prescribe their duties and manner of reporting and can, by board action, appoint the members thereof, or at least require that members appointed be confirmed by the board. In 19 OAG 302, 304 (1930), it is stated that then sec. 59.06 (1), Stats., authorized the board to appoint members to committees. A review of sec.59.06 (1), Stats. (1929), does not confirm a basis for such power.
The power of appointment is generally regarded as an executive function. It involves the exercise of discretion. In 42 Am. Jur.,Public Officers, sec. 92, 951, it is stated: *Page 217 
"Common councils and other collective bodies are sometimes empowered to make appointments to office. In so doing they are not engaged in the deliberative business which is their ordinary work, but are exercising a special statutory authority, and such authority must be exercised in conformity to the statute conferring it."
We need not decide here whether the county board can itself make all appointments to committees or can require confirmation. In view of present sec. 59.06 (1), Stats., a strong argument can be made that it cannot, even though it was stated in 22 OAG 997 (1933) that former sec. 59.06 (1), Stats., which provided that a county board could create committees, prescribe duties and authorize its chairman to appoint, before the first day of November, committees from the members of the county board elect, did not govern appointments to committees after the board had met and that such appointments could be made in accordance with its duly adopted procedural rules. At that time, absent special meeting, the November meeting would be the first meeting of the board, and there would ordinarily be vacancies on standing committees since some former committee members would no longer be members of the board. By ch. 235, Laws of 1935, the legislature created sec. 59.04 (1) (b), Stats., to require an organizational meeting on the first Tuesday of May in each year and amended sec.59.06 (1), Stats., to provide that the chairman could appoint, on or before the first day of June in any year, committee members from members of the county board elect. Chapter 651, Laws of 1955, the overall county government revision law, renumbered sec.59.04 (1) (b) to (c), Stats., and changed the organizational meeting to the third Tuesday of each April and amended sec. 59.06
(1), Stats., to delete the reference to members of the countyboard elect, providing only that appointments be made from the members of the board.
The county board only has those powers which are granted by specific statute or which are necessarily implied. Where a statute provides that a power be exercised in a given manner, the statute must be complied with.
I am of the opinion that the reference to the June 1 date in sec. 59.06 (1), Stats., is directory and not a limitation on the power of the board to create committees for such purposes, and to *Page 218 
authorize appointment thereto at such times as it deems it necessary to carry out the duties of the board. With the power to create committees goes the power to abolish such committees at such times as the board determines. The board also has broad powers as to the purposes for which such committees shall be appointed, their duties and manner of reporting. I am of the opinion, however, that such committees are created under the provisions of secs. 59.02 (1) and 59.06 (1), Stats., and that the power of appointment, if not exercised by the board, lies in the chairman and cannot be delegated to a committee of the board.
RWW:RJV