ROBERT P. RUSSELL, Corporation Counsel Milwaukee County
Deputy Corporation Counsel James J. Bonifas, on your behalf, has requested my opinion whether the county treasurer has, or can be delegated, authority to manage and administer the investment of county funds.
He states:
 The county treasurer currently has control of county funds approximating one hundred fifty million dollars. Upon receipt they are initially deposited in public depositories designated by the county board in conformity with Ch. 34 and s. 59.75, Wis. Stats. Of the total, he has been authorized pursuant to s. 59.75 (3), Wis. Stats., to retain not in excess of two hundred fifty thousand dollars for current operating expense.
 The county board by ordinance, copy attached, has authorized the treasurer to implement an investment policy established by it. He selects the form of investments, maturity dates to insure the availability of funds to meet expenditures and pursues a full investment policy to maximize income. Normally, he invests in certificates of deposits, United States government and *Page 134 
agency obligations and repurchase agreements. He uses his discretion in making investments and, apart from the directives of the ordinance, receives no direction from and is not controlled by the county board of supervisors or any of its committees.
I am of the opinion that the county treasurer does not have general authority to manage and administer the investment and reinvestment of county funds and that such power, since it involves the exercise of discretion on a continuing basis, cannot be generally delegated to such officer. I am of the further opinion, however, that the county board can authorize such officer to deposit certain funds in his hands not immediately needed in "inactive deposits" in the form of interest-bearing time deposits in county depositories designated by the county board pursuant to standards established by the board as to amounts, desired interest rates, time periods and sufficiently specific so that no investment judgment is vested in the treasurer.
Section 59.20, Stats., imposes upon the county treasurer the duty to receive all money from all sources belonging to the county. Section 59.75 (3), Stats., provides that, in counties having a population of 200,000 or over, the county board shall fix the amount of money which may be retained by the treasurer. Section 34.05 (3), Stats., provides that the treasurer shall, "immediately," and sec. 59.75 (1), Stats., provides that the treasurer shall, "as soon as received," deposit in the county depository "all funds that come to the treasurer's hands in that capacity in excess of the sum the treasurer is authorized by the board to retain." Sections 34.06 and 59.75 (1), Stats., absolve the treasurer from liability resulting from failure or default of the depository when deposit is made to a depository designated under secs. 34.05 and 59.74, Stats.
Section 59.74, Stats., provides in part:
 (1) The county board of each county containing two hundred thousand or more population shall designate two or more . . . banks, banking institutions, or trust companies organized and doing business under the Wisconsin or United States laws, located in Wisconsin, as county depositories, one or more of which shall be designated as working banks, all deposits in which shall be active deposits. *Page 135 
 (2) In addition to the depositories specified in sub. (1), the local government pooled-investment fund and the local government trust-investment fund may be designated as depositories for investment purposes.
I am of the opinion that the phrase "all deposits in which shall be active deposits" contained in sec. 59.74 (1), Stats., above, modifies the preceding phrase "one or more of which shall be designated as working banks" and does not require that all deposits in county depositories be active deposits.
Section 34.01 (8), Stats., as amended by ch. 225, Laws of 1977, defines "inactive" and "active deposits."
 (a) "Inactive deposits" means public deposits which have been deposited subject to the public depository's rules and regulations relative to time accounts and the investment board's rules relative to amounts invested in the local government trust-investment fund.
 (b) "Active deposits" shall mean public deposits which are subject to withdrawal on demand and public deposits in regular savings accounts.
Section 66.04 (2), Stats., provides in part:
 Investments. Any county . . . may invest any of its funds not immediately needed in time deposits in any bank, savings bank, trust company or savings and loan association which is authorized to transact business in this state, such time deposits maturing in not more than one year, or in bonds or securities issued or guaranteed as to principal and interest of the U.S. government, or of a commission, board or other instrumentality of the U.S. government, or bonds or securities of any county, city, drainage district, vocational, technical and adult education district, village, town or school district of this state or, in the case of a town, city or village, in any bonds or securities issued under the authority of such municipality, whether the same create a general municipality liability or a liability of the property owners of such municipality for special improvements, and may sell or hypothecate the same. Any county, city, village or town may *Page 136 
also invest surplus funds in the local government pooled-investment fund or the local government trust-investment fund. Cemetery perpetual care funds, pension funds under s. 62.13 (9) or (10), or endowment funds including gifts where the principal is to be kept intact may also be invested under ch. 881.
This section is particularly important insofar as it sets forth a broad range of investment vehicles. But neither it nor any provision in ch. 34, Stats., nor sec. 59.20, Stats., which sets forth the powers of the county treasurer, makes any reference to authority of the treasurer to invest county funds and to make investment decisions with respect to such funds. Section 59.75
(1), Stats., expressly provides that "[t]he county board or a committee thereof designated by it" shall have such power.
Section 59.75 (1), Stats., provides:
 Whenever any county board has designated a county depository under s. 59.74 the county treasurer shall deposit therein as soon as received all funds that come to the treasurer's hands in that capacity in excess of the sum the treasurer is authorized by the board to retain. Any sum on deposit shall be deemed to be in the county treasury, and the treasurer shall not be liable for any loss thereon resulting from the failure or default of such depository. The county board or a committee thereof designated by it may invest any funds that come into the county treasurer's hands in excess of the sum the treasurer is authorized by the county board to retain for immediate use in the name of the county in the local government pooled-investment fund, in the local government trust-investment fund or in interest-bearing bonds of the United States or of any county or municipality in the state. The board or committee may sell such securities when deemed advisable.
This statute separates the deposit duty of the county treasurer from the investment duty of the county board or of "a committee thereof." Had the Legislature intended that the investment responsibility be shared with or delegated to the county treasurer, it could easily have so provided. The statute has a built-in delegation provision and does not contemplate any other kind of delegation. The county treasurer is not and may not be a county board member, sec. 59.18, Stats., and he cannot serve on or as the investment committee. *Page 137 
2 McQuillin Municipal Corporations sec. 10.40 (3rd ed. 1966), p. 847, states: "If the legislature confers power on a municipal corporation, the exercise of discretion by the governing body of the municipality cannot be delegated to a municipal officer or other person or body . . . ."
A county board may delegate powers which are purely ministerial and executive to a committee or to an officer. Duluth, SouthShore Atlantic R. Co. v. Douglas County, 103 Wis. 75,79 N.W. 34 (1899). In French v. Dunn County, 58 Wis. 402, 405, 17 N.W. 1
(1883), it was held that a county board could delegate power to its committee to purchase a farm for the poor. In that case the board had authorized "purchase [of] a suitable farm for a county poor-farm, provided the cost thereof should not exceed $3,000." The committee purchased a farm for $1,900, and the court held that there was proper delegation. But at p. 406 the court stated:
 There are, doubtless, powers vested in the county board which could not be delegated to any committee. Powers which are legislative in their character, which are confided to the judgment and discretion of the board itself, such as the levying of taxes, must be exercised under the immediate authority of the board.
(Emphasis added.)
Here, the statute permits delegation to a committee of the board, but there is no authority, direct or by implication, which would permit delegation to the county treasurer, except as noted above where the county board has authorized the treasurer to deposit monies in inactive deposits in designated county depositories under strict standards established by the county board.
Section 59.75 (1), Stats., provides that the county board or its specially designated committee "may invest" funds and "may sell such securities when deemed advisable." The exercise of such powers involves the exercise of discretion on a continuing basis. It is my opinion that such powers cannot be delegated to the county treasurer.
BCL:RJV *Page 138