DARWIN L. ZWIEG, District Attorney Clark County
You ask three questions relating to the authority of a county board to delegate powers concerning equipment and real property transactions to one of its committees.
Your first question may be restated as follows:
 1. May the approval of the county board or one of its committees be required in connection with all equipment purchases made by the community unified services department even though the department's individual and aggregate purchases do not exceed the limits of state and county appropriations and maximum available funding from other sources?
In my opinion, county board approval of equipment purchases may be required.
In 69 Op. Att'y Gen. 128 (1980), I indicated that the county board exercises control over human services boards pursuant to the Coordinated Plan and Budget which is developed using the procedures specified in section 46.031 (2)(b). Stats. My conclusion was as follows:
 Where a particular mode of contract making is specified, such as calling for prior authorization on certain types of transactions, the plan must be followed. Conversely, if the plan is silent in this respect, sec. 51.42 (5)(h)7. and 8., Stats., controls, and the combined board may enter into contracts without prior approval of the county board if such contracts are otherwise lawful.
69 Op. Att'y Gen. at 131. This quotation refers only to contracts for services and public treatment facilities.[1] *Page 229 
Section 51.42 (6m), as created by section 1092 of 1985 Wisconsin Act 29, provides:
 DIRECTOR IN CERTAIN COUNTIES WITH A COUNTY EXECUTIVE OR COUNTY ADMINISTRATOR. In any county with a county executive or county administrator in which the county board has established a community department, but not in combination with another county, the county executive or county administrator shall appoint the director . . . . The appointment is subject to confirmation by the county board unless the county board, by ordinance, elects to waive confirmation or unless the appointment is made under a civil service system competitive examination procedure established under s. 59.07 (2) or ch. 63. Such director, subject only to the supervision of the county executive or county administrator, shall:
 (a) Supervise and administer any program established under this section, subject to such delegation of authority as is not inconsistent with this section and the rules promulgated thereunder.
. . . .
 (c) Determine, subject to county board approval and with the advice of the community board, whether services are to be provided directly by the county agency or contracted for with other providers and make such contracts.
Section 51.437 (10m), as created by section 1105 of 1985 Wisconsin Act 29, contains comparable provisions concerning services for the developmentally disabled.
Section 51.42 (5m) now authorizes community departments to provide services "[w]ithin the limits of state and county appropriations and maximum available funding from other sources . . . ." This language is a limitation on obligations which may be incurred by such departments. See 73 Op. Att'y Gen. 96 (1984). It does not address the manner in which the county board may exert control over purchases made by those departments within the range of funding which may lawfully be expended by those departments. See generally 69 Op. Att'y Gen. 128 (1980), which fully describes the extent to which the county board may exercise control over purchases of services by community departments in counties without a county executive or a county administrator. *Page 230 
I find no language in sections 51.42 or 51.437 which explicitly authorizes community departments to purchase equipment without county board approval. Had the Legislature intended community departments to have such authority, it would have been a simple matter to enact language similar to that used for purchases of services in section 51.42 (6m)(c). The extent to which the county board may delegate approval authority with respect to equipment purchases is analyzed as part of my response to your next question which I have restated as follows:
 2. May the county board by resolution delegate power to a standing committee to purchase, sell, lease or otherwise enter into transactions and agreements concerning equipment, real property or property interests without requiring approval of the county board?
It is my opinion that within statutory limitations such power may be delegated to a committee by resolution, provided that the delegation contains sufficient standards for the exercise of purchasing authority by the committee.
Municipal powers of a ministerial. administrative or executive nature may be delegated to a committee, even if the delegation permits the exercise of some discretion or judgment. See FirstSavings Trust Co. v. Milwaukee County, 158 Wis. 207, 227-28,148 N.W. 22 (1914); Kavanaugh v. Wausau, 120 Wis. 611, 615-16,98 N.W. 550 (1904); Duluth, South Shore Atlantic R. Co. v. DouglasCounty, 103 Wis. 75, 79, 79 N.W. 34 (1889); French v. DunnCounty, 58 Wis. 402, 406, 17 N.W. 1 (1883).
There are statutory limits on the delegation of powers by a county board to any committee or subordinate agency. For example, any such delegation must be by resolution and must require that the committee report its actions to the county board. Sec. 59.06
(1), Stats. See French, 58 Wis. at 406. The county board's authority to settle claims in excess of $2,500 could not be delegated. See sec. 59.07 (3), Stats. The delegation could not infringe upon the statutory authority of the county clerk to hold property in the name of the county or to sign deeds when authorized by the county board pursuant to section 59.07 (1). See
sec. 59.57, Stats.; 65 Op. Att'y Gen. 132, 134 (1976). The delegation also could not infringe upon the administrative and managerial authority of the county executive under section 59.031 (2). See 68 Op Att'y Gen. 92 (1979). *Page 231 
There are no explicit statutory limits on the kinds of powers which may be delegated under section 59.06.[2] See FirstSavings, 158 Wis. at 228. In French, 58 Wis. at 405, the court held that a resolution authorizing the purchase of land suitable for a county poor farm at a cost not to exceed $3,000 constituted a valid delegation of authority by the county board to a committee. The court conceded that the resolution permitted the exercise of judgment and discretion, but nevertheless concluded that the powers delegated were not "legislative." French,58 Wis. at 406. Therefore, the power to exercise discretion in connection with the purchase of land or property is a power which may be delegated.
Any delegation of authority must be accompanied by ascertainable standards pursuant to which that authority is to be exercised. See Smith v. Brookfield, 272 Wis. at 10; compareFrench, 58 Wis. at 405-06. Accordingly, it would not be permissible for a county board to grant blanket authority to a committee to purchase, sell, lease or otherwise acquire real property or equipment, even if such broad authority were not characterized as legislative. However, absent any statute to the contrary, the county board could, for example, authorize a committee to purchase property for particular purposes if certain budgetary requirements were met, authorize a committee to approve the purchase of equipment if certain specifications were met or authorize a committee to approve a community department's purchases pursuant to specified standards not inconsistent with the Coordinated Plan and Budget.
Your third question relates only to real property interests and is as follows:
 3. If the county board does not have the power to delegate authority to a standing committee such as a public property committee to purchase, sell or lease real property or real property interest without board approval, may it delegate such powers to the land conservation committee? *Page 232 
You have verbally indicated that your question is limited to property acquired for soil or water conservation purposes. It is my opinion that the county board may delegate relatively broad powers to the land conservation committee in connection with the lease or purchase of real property for the purposes of soil and water conservation, but such property transactions are subject to the approval of the county board.
Section 92.07 provides in part:
 (1) POWERS GENERALLY. Each land conservation committee may carry out the powers delegated to the committee subject to the approval of the county board.
. . . .
 (3) DISTRIBUTE FUNDS. Each land conservation committee may distribute and allocate federal, state and county funds made available to the committee for cost-sharing programs or other incentive programs for improvements and practices relating to soil and water conservation on private or public lands, and within the limits permitted under these programs, to determine the methods of allocating these funds.
. . . .
 (8) OBTAIN PROPERTY. Each land conservation committee, in the name of the county, may obtain options upon and acquire, by purchase, exchange, lease, gift, grant, bequest, devise or otherwise, any property or rights or interests in property or in water. A land conservation committee may maintain, administer and improve any properties acquired. A land conservation committee may receive income from these properties on behalf of the county and may expend this income in carrying out the purposes and provisions of this subchapter. A land conservation committee may sell, lease or otherwise dispose of the property or interests in property in furtherance of the purposes and the provisions of this subchapter.
. . . .
 (12) CONTRACTS; RULES. Each land conservation committee, in the name of the county, may make and execute contracts *Page 233 
and other instruments necessary or convenient to the exercise of its powers.
Section 59.879 requires the county board to create a land conservation committee and specifies that the committee is required to exercise those powers granted under chapter 92. The form of "approval" which is to be exercised by the county board pursuant to section 92.01 is not entirely clear. On its face, the approval mentioned in the statute could extend only to powers delegated by the county board which are in addition to those exercised pursuant to section 59.879 (2) or to all powers exercised by the land conservation committee pursuant to section92.07.
Since the statute is ambiguous, I have examined its legislative history. See State Historical Society v. Maple Bluff,112 Wis.2d 246, 252-53, 332 N.W.2d 792 (1983). As originally passed by the Legislature, section 92.07 (1) provided that "[e]ach land conservation committee may carry out the powers delegated to the committee [under this section] subject to the approval of the county board." See chapter 346, Laws of 1981. The drafting files of the Legislative Reference Bureau indicate that the Governor vetoed the underscored language and submitted the following veto message to the Legislature:
 I have vetoed the words "under this section" to make it clear that the land conservation committee powers delegated by the state to the county land conservation committees are subject to the approval of the county board. County boards object to "super committees" that are free standing, have non-county board representatives they do not appoint, or have statutory authority not subject to the authority of the county board.
This language indicates that actions taken by the land conservation committee are subject to the approval of the county board. Since the Legislature did not override this veto, I conclude that any actions concerning real property transactions which are taken by the land conservation committee are subject to county board approval.
BCL:FTC
[1] This conclusion must be modified slightly because of recent amendments to chapter 51. See 1985 Wisconsin Act 25, secs. 1078d-1106. Section 51.423 (ar)1. and 2., as amended and renumbered by section 1087r of 1985 Wisconsin Act 29, has transferred the authority to enter into such purchase of service contracts from community boards to community departments. That legislation works no other substantive change with respect to county board authority in counties without a county executive or county administrator. However, in counties with a county executive or county administrator, section 51.42 (6m) as created by section 1092 of 1985 Wisconsin Act 29, transfers the authority to enter into contracts from community boards to the director of the community department. Such contracts are subject to county board approval.
[2] Although it is conceivable that our courts would now approve a limited delegation of legislative authority under section 59.06, I do not find it necessary to reach this issue because I interpret your inquiry as being limited to delegations of ministerial, administrative or executive powers. Compare 61 Op. Att'y Gen. 214, 216 (1972), and French, 58 Wis. at 406, withSmith v. Brookfield, 272 Wis. 1, 10, 74 N.W.2d 770 *Page 234