FRED A. RISSER, Chairperson Senate Organization Committee
You ask whether a municipality may invest in mutual funds. In my opinion, the answer is no.
The manner in which, and the investments in which, public funds may be invested by local governmental entities is strictly regulated and specifically detailed in a number of statutes. The basic investment authority is outlined in section 66.04(2), Stats., which identifies various investments which municipalities and other local governmental entities may make. Section 66.04(2)(a), as amended by 1987 Wisconsin Acts 27 and 399, provides:
 INVESTMENTS. (a) Any county, city, village, town, school district, drainage district, vocational, technical and adult education district or other governing board as defined by s. 34.01(1) may invest any of its funds not immediately needed in any of the following:
 1. Time deposits in any credit union, bank, savings bank, trust company or savings and loan association which is authorized to transact business in this state if the time deposits mature in not more than 3 years.
 2. Bonds or securities issued or guaranteed as to principal and interest by the federal government, or by a commission, board or other instrumentality of the federal government.
 3. Bonds or securities of any county, city, drainage district, vocational, technical and adult education district, village, town or school district of this state.
 4. Any security which matures or which may be tendered for purchase at the option of the holder within not more than 7 years of the date on which it is acquired, if that security has a rating which is the highest or 2nd highest rating category assigned by Standard Poor's corporation, Moody's investor *Page 275 
service or other similar nationally recognized rating agency or if that security is senior to, or on a parity with, a security of the same issuer which has such a rating.
Such local governmental entities may also engage in repurchase agreement transactions with section 34.01(5) public depositories where the agreements are secured by federally issued or guaranteed bonds or securities. Sec. 66.04(2)(d), Stats. In addition, any town, city or village may invest surplus funds in bonds or securities issued under their own authority, and local governments, as defined under section 25.50(1)(d), may invest surplus funds in the local government pooled-investment fund. Sec. 66.04(2)(b) and (c), Stats.
Chapter 219 identifies other permissible municipal investments. Such investments include certain federally issued, guaranteed or secured notes, bonds or other evidences of indebtedness, section219.01; state bonds and notes, and certain municipal obligations, section 219.04; certain savings accounts, section 219.05; bonds and other obligations issued by certain housing authorities or agencies or metropolitan sewerage districts, section 219.06; and bonds or other obligations issued by certain redevelopment authorities or urban renewal agencies, section 219.07.
The term "mutual fund" does not appear in any of these sections, and as a general rule, where the statutes authorize certain specified investments, those investments not enumerated are not permitted. Expressio unius est exclusio alterius; 38 Op. Att'y Gen. 92 (1949). The rule notwithstanding, we cannot end the analysis without a closer examination of what a "mutual fund" is.
Mutual funds, as such, are not defined in either the Wisconsin statutes or the Wisconsin Administrative Code. However, Black's Law Dictionary 920 (5th ed. 1979) defines a "mutual fund" as follows:
 An investment company that raises money by selling its own stock to the public and investing the proceeds in other securities, with the value of its stock fluctuating with its experience with the securities in its portfolio. Mutual funds are of two types: "open-end," in which capitalization is not fixed and more shares may be sold at any time, and "closed-end," in which capitalization is fixed and only the number of shares originally authorized may be sold. *Page 276 
 See also Investment company; Open-end investment company.
The term "investment company" is generally defined in Black's Law Dictionary 741 (5th ed. 1979) as follows:
 A company or trust which uses its capital to invest in other companies. There are two principal types: the closed-end and the open-end, or mutual fund. Shares in closed-end investment companies are readily transferable in the open market and are bought and sold like other shares. Capitalization of these companies remains the same unless action is taken to change. Open-end funds sell their own new shares to investors, stand ready to buy back their old shares, and are not listed. Open-end funds are so called because their capitalization is not fixed; they issue more shares as demanded. See also Mutual fund.
Very simply, then, a mutual fund is a company that makes investments with the pooled assets of many investors. That pooled money is invested, presumably by professional money managers, in a variety of stocks, bonds and securities selected from either a limited or a wide range of sources. Each share represents an undivided interest in the total portfolio of the mutual fund company. It does not represent direct ownership of the stocks, bonds, or securities themselves.
The above referenced statutes indisputably grant the named municipal and other governmental entities the power to invest their surplus or other funds not immediately needed. However, they are only authorized to invest in certain specifically identified bonds, securities, deposits, etc.[1] Therefore, such municipalities and other local governmental entities clearly could not participate in mutual funds which would invest their monies in the type of bonds, securities, etc., which such governmental entities were not expressly authorized to acquire directly. The issue thus becomes whether a municipality may nevertheless invest in a mutual fund the assets of which consist solely of statutorily-allowed bonds and securities, etc. *Page 277 
A recent Wisconsin Court of Appeals decision suggests that, at least for tax purposes, a mutual fund takes on the character of the types of investments within it. Capital Preservation v. Rev.Dept., 145 Wis.2d 841, 429 N.W.2d 551 (Ct.App. 1988). WhileCapital Preservation demonstrates that the content of a mutual fund's portfolio may be relevant for certain tax purposes, I am of the opinion that the content of a mutual fund's portfolio is not relevant for the purpose of determining the investment authority of municipalities and other local governmental entities. In terms of the authority of local governmental entities to invest in certain statutorily identified investments, whatever the constituent investments in a mutual fund, the investor purchasing shares in the Fund has no ownership interest in the individual portfolio components and only owns shares of such fund. It does not matter that a municipality could properly invest in the individual fund components on a direct investment basis. To the extent mutual funds are not enumerated in section 66.04(2) nor in chapter 219, they are not a permitted investment.[2]
The absence of "mutual fund" from the statutory language is significant, too, in that as an investment vehicle, mutual funds are not a new or esoteric phenomenon. Mutual funds have a six decade history in this country and have become the nation's fourth largest financial institution, behind commercial banks, savings and loans and insurance companies.[3] Thus, the fact that "mutual fund" or "investment company" does not appear in the enumeration of permissible investments, except in the two limited instances previously identified,[4] suggests a general legislative intent not to include mutual fund investment. Moreover, the Legislature has created a pooled-investment fund expressly designed for the investment of local governmental funds that are not required to meet current expenditures or demands. Sec. 25.50, Stats. In effect, the Legislature has thereby established a kind of mutual fund in which such governments may participate.
However, the statutory treatment of the subject of your inquiry is not the sole basis for my reasoning. I also base my opinion on the fact that several features inherent in mutual funds may make them *Page 278 
appear to the Legislature to be an inappropriate municipal investment.
First, as already described, the investment decisions of a mutual fund are largely directed by a professional manager called an investment adviser. The adviser may select brokers to carry out portfolio transactions and underwriters to sell fund shares to new investors. The actual sales may be made by yet another broker or dealer selected by the underwriter. I find no statutory support for allowing a municipality to delegate its general investment authority to such other persons.
The exercise of the general power of local government to manage and administer the investment of public funds is strictly regulated by statute, and the authority of their governing bodies to designate some other body or officer to invest such funds is severely restricted. Thus, where the statutes authorized the county board, or a committee thereof designated by it, to invest county funds, my predecessor opined that such authority could not be further delegated to the county treasurer. 68 Op. Att'y Gen. 133 (1979). The statute involved in that instance, section 59.75(1), was subsequently amended to authorize the county treasurer to exercise such authority under restrictions imposed by statute and the county board. See chapter 34, sections 858m, 859f and 863a, Laws of 1979. However, the underlying rationale for restricting the delegation of discretion to make municipal investments remains.
In villages and cities, the governing council or board has the management and control of the municipality's financial affairs. Secs. 61.34(1) and 62.11(5), Stats. In towns, that authority is typically shared by the town meeting and the town board. Secs.60.10 and 60.22(1), Stats. However, the statutory authority of even the treasurers in cities, villages and towns is generally limited to the receipt, deposit and disbursement of public funds, and does not extend to discretionary decisions concerning the investment of those funds. Secs. 60.34(1) and (2), 61.26(2), (3) and (4) and 62.09(9)(a), (c) and (e), Stats.
Finally, as pointed out in Burks v. Lasker, 441 U.S. 471
(1979), there is a "potential for abuse inherent in the structure of investment companies," id. at 480, consequent to the unique management structure of a mutual fund. Because control of a mutual fund rests primarily with the investment adviser, an outside entity whose main *Page 279 
object is its own profit, the adviser's interests may not always be identical with the shareholders' interests. The "chain of command" of advisers, brokers, dealers and underwriters described earlier offers more opportunity for potentially conflicting interests. Therefore, mutual funds might be riskier enterprises than the statutorily-enumerated investments allowed to a municipality. AS a matter of public policy, the Legislature restricts the investment of public funds to less speculative ventures.
DJH:JCM
[1] There is limited legislative authority providing that funds in a deferred compensation plan of certain local governmental units and cemetery perpetual care funds or endowment funds may be invested in "shares of investment companies and investment trusts. See secs. 66.04(2)(b) and (c) and 881.01(1), Stats. Municipalities may also, pursuant to section 66.30, jointly invest in those securities enumerated in section 66.04 without utilizing the investment vehicle of a mutual fund.
[2] See footnote 1.
[3] Source, Investment Company Institute, Washington, D.C.
[4] See footnote 1. *Page 280