20 491
93 14

## BOWEN VS. MALBON.

1. An order granting a new trial upon the ground of incompetency of a juror, will not be reversed although the juror was competent, if the motion was heard, in part, upon "minutes of the judge," and the "minutes" are not made part of the record.

2. In such case the court will presume that the new trial was properly allowed. So held where several grounds for a new trial were assigned in the motion.

APPEAL from the Circuit Court for *Winnebago* County.

Replevin. Verdict for plaintiff. The defendant moved on " the minutes of the judge and all the papers in the cause," and certain affidavits, for a new trial, because of misdirection of the judge, newly discovered evidence, incompetency of one of the jurors and other reasons. The court granted a new trial on the ground, as stated in the order, that one of the jurors was disqualified to act by reason of consanguinity with one Buckstaff, who is alleged in the answer to be the real party in interest in maintaining the action.

No case was settled, and the " minutes of the judge" were not made part of the record.

*Whittemore & Weisbrod,* for appellant.

*H. B. Jackson,* for respondent.

COLE, J. It appears that the motion for a new trial was heard upon the "minutes of the judge," as well as upon the affidavits returned on this appeal. Those "minutes" are not before us, as they should be, in order to enable us to say that the new trial was improperly granted. We must presume, in the absence of these minutes, that a new trial was properly allowed, and that the circuit court decided rightfully upon the matters before it. It is true, the order granting a new trial recites, as a reason for granting it, that it appeared to the court that McCurdy was disqualified to act as a juror on account of existing consanguinity with Buckstaff. Now it is contended that the affidavits show most conclusively that no consanguinity existed between those persons. Grant that this is so, and yet how can we assume that if the whole case were before us upon which the circuit court acted, it would appear that a new trial ought not to be granted upon some other ground? Obviously we cannot. We must assume that the matters contained in the minutes amply justified the order granted.

*By the Court.*—The order is affirmed.