HUBBARD vs. THE TOWN OF LYNDON.

*Bill of exceptions.*

An order granting or refusing a new trial will not be reversed where the motion was based " on the judge's minutes," unless the bill of exceptions states that it contains *all* the minutes on which the motion was heard ; and a statement at the close of the bill that " the foregoing *is a copy* of the minutes," etc., is insufficient.

APPEAL from the Circuit Court for *Sheboygan* County.

The plaintiff appealed from an order setting aside the verdict for insufficient evidence, and granting a new trial.

*J. A. Bentley*, for appellant.

*B. Williams*, for respondent.

COLE, J. In this case the verdict was for the plaintiff. The defendant moved, upon the judge's minutes, to set the verdict aside for insufficient evidence, and grant a new trial. The motion was granted. The plaintiff has settled a bill of exceptions, containing the minutes and charge of the court, and has appealed from the order. The bill of exceptions, however, does not state that it contains all the minutes upon which the motion was heard and decided. This being so, it seems to us we cannot say that the new trial was improperly granted. Where a motion for a new trial has been made on the ground that the verdict was contrary to the evidence, or that the evidence was insufficient to support it, we have frequently held that we would not review the order of the court denying the same, unless the bill of exceptions stated that it contained all the evidence given on the trial. We see no reason for making a distinction between that case and one where the motion is made for the same reason upon the minutes of the judge. It may be said, that, as the bill of exceptions states or recites that the foregoing is a " copy of the minutes,"

the presumption must be that it is a "copy" of *all* the minutes.    It may be a faithful transcript of the original minutes as far as it goes, but may not include all of such original.    The same presumption might be made where the bill of exceptions states that "the foregoing is the evidence given on the trial."    Yet, upon such a statement, courts refuse to assume that the bill contains all the evidence.  The real presumption in such cases is, that the court below decided properly upon the matters before it, until the contrary appears.    And that presumption must prevail here upon this record.    *Bowen v. Malbon*, 20 Wis. 491.

*By the Court.*—The order of the circuit court is affirmed.