BUNN, Respondent, vs. THE VALLEY LUMBER COMPANY, Appellant.

*September 1 — September 22, 1885.*

APPEAL TO S. C. *(1) Appeal from order: Return: Discretion. (2) Records import verity. (3) Chamber order: Constitutional law.*

1. If the minutes of the court below and the testimony were used on the application for an order, they should be before this court on an appeal from such order; otherwise, if the order involved the exercise of discretion, the question of the abuse of such discretion cannot be determined.

2. An order setting aside the submission of a question to a jury and stating that the court decides all the questions involved in the case, together with a finding covering all the issues, is conclusive of the fact that all the issues were tried by the court, and cannot be contradicted by affidavits.

[3. Whether ch. 140, Laws of 1881, as amended by ch. 180, Laws of 1882, and ch. 101, Laws of 1883, gives an appeal from an order made by the circuit judge at chambers, and whether it is competent for the legislature to give such an appeal, not determined.]

APPEAL from the Circuit Court for *Eau Claire* County.

Action to enforce a lien for purchase money upon a quantity of saw-logs. The defendant was a purchaser from the original vendee. The circuit court submitted to a jury the question whether the defendant, at the time it purchased the logs, had notice of the lien which the action was brought to enforce. The jury failed to agree upon that question, and was discharged. Thereupon the plaintiff moved the court to vacate the order submitting the question of notice to the jury, and to decide the issues as though no jury had been called. The court granted the motion, and filed findings of fact and conclusions of law upon which judgment was entered in favor of the plaintiff, August 26, 1884.

On December 18, 1884, the defendant, upon the judgment roll and upon affidavits, moved to set aside the judgment. This motion was denied, and from the order denying the

same the defendant appeals.   Other facts will appear from the opinion.

*W. F. Bailey*, for the appellant.

For the respondent there was a brief by *Dickinson & Graham*, and oral argument by *Mr. Dickinson* and *S. U. Pinney*.

Cole, C. J.   At the outset it must be borne in mind that the circuit court had the power to vacate its order submitting to a jury the question whether the defendant, when it purchased the logs, had actual notice of the lien which the action was brought to enforce.   The action was one in equity, consequently it was entirely competent for the circuit court to try all the issues and determine all the questions of law and fact without the intervention of a jury.   If the court saw fit in its discretion to submit any question of fact to a jury, the verdict, when rendered, would be merely advisory, and not binding upon the judgment of the court. The case was not one within sec. 2844, R. S., involving issues which the defendant had the right to have tried by a jury and other issues triable by the court.   But all the issues in the case were triable by the court, which might submit any question of fact to the jury, and might disregard the verdict and make its own finding thereon.   There can be no doubt as to the correctness of this view, and it is not necessary to cite authorities in support of it.   It was not error for the court to vacate its order submitting the question of notice to the jury, and to try that, with all other questions of fact arising in the case, giving the parties an opportunity to be heard upon all the issues in the case.   We have said that it was within the power and discretion of the court to do this, if that course seemed advisable and would promote the ends of justice.

The main inquiry on this appeal is, Did the circuit court consider and decide all the issues in the cause as if no jury

had been called to its aid? This is an appeal from the order refusing to set aside the judgment. There is no bill of exceptions containing "the minutes of the court and the testimony in the case" which were before the court when it decided the motion. The affidavits and judgment roll used on the hearing of the motion are before us, but these constitute only a portion of the papers upon which the court below acted. This is apparent from the order appealed from, which recites that the motion to vacate was heard upon the affidavits named, and "upon the judgment roll on file, the minutes of the court, and the testimony in the case, and all other papers on file, and the facts known to the court." It is very obvious that we should have before us, in some proper form, all the papers used by each party on the hearing of the motion. If the minutes of the court and the testimony in the case were used, they should have been incorporated in a bill of exceptions and transmitted to this court with the other papers. The statute is specific on this point, requiring the clerk, where the appeal is from an order, to transmit such order, "and the original papers used by each party on the application for the order appealed from." Sec. 3050, R. S.; *Carpenter v. Shepardson*, 43 Wis. 406. If the minutes of the court and testimony in the case were used, they should be before us in some proper form. *Bowen v. Malbon*, 20 Wis. 492; *Hubbard v. Lyndon*, 24 Wis. 231; *Cottrill v. Cramer*, 46 Wis. 488. Otherwise we cannot determine whether the court abused its discretion in making the order or not.

On looking into the judgment roll we find an order vacating the order submitting the question of notice to a jury, and stating that the court decides all of the questions involved in the action, and files a finding of facts and conclusions of law, as though no issue had been submitted to a jury. Then there is a finding which covers all the issues in the case. This finding clearly shows that the court de-

cided all the issues and questions of fact which could arise in the case. It is entirely conclusive, therefore, upon the point as to what the court did do in the premises. True, the affidavits used on the part of the moving party state that only the issue of fact as to notice was tried, and that all the other issues were reserved for trial. But this is a flat contradiction of the record and findings. The integrity of a judicial record cannot thus be overcome and destroyed by affidavits. To allow solemn records to be impeached in that manner would be an unheard-of practice, and render the administration of justice well nigh impossible. Therefore we say the records and finding in this case as to what issues were tried by the court import absolute verity, and cannot be impeached by affidavits, as it was attempted to do. These findings conclusively show that all the questions and issues were tried by the court.

It is said that at least the affidavits show that defendant's counsel were taken by surprise on finding that the court had decided other issues than that of notice, and that it was an abuse of discretion on the part of the court to deny the motion. But we have already observed that the minutes and testimony upon which the court below acted are not before us; therefore it is impossible to say that the court should have granted relief on the ground of surprise or excusable neglect.

We have treated the order appealed from as one made by the circuit court, though there is much ground for saying that it is a chamber order. It is claimed that ch. 140, Laws of 1881, as amended by ch. 180, Laws of 1882, and ch. 101, Laws of 1883, gives an appeal to this court direct from a chamber order. Whether this is a correct construction of these statutes, and, if so, whether it is competent for the legislature to extend the appellate jurisdiction of this court to a mere chamber order of a circuit judge, are questions upon which we express no opinion at this time. Sim-

ilar questions have been before this court, and have been quite fully discussed, as will be seen by a reference to *Hubbell v. McCourt*, 44 Wis. 584, and cases cited in the opinion. It may be well for counsel to consult these cases.

The order of the circuit court, for the reasons above given, must be affirmed.

*By the Court.*— Order affirmed.