ETSELL, Respondent, vs. KNIGHT, imp., Appellant.

*March 25—April 17, 1903.*

*Counties: Salaries of officers: Deputies: Increasing compensation during term: Taxpayer's action: Form of judgment.*

1. Under our statutes (secs. 694, 706, 708, 711, 714, Stats. 1898) the salaries paid to the county clerk and county treasurer are in full compensation for the discharge of the duties of their respective offices whether performed by themselves or by deputies.

2. Payment of salaries to such deputies out of the public moneys,— even though in pursuance of a resolution of the county board, passed during the term of said officers, authorizing them each

to employ a clerk at a salary—is illegal because not authorized by law and also because such payment practically amounts to an increase in the salaries of such officers during their term of office, in violation of sec. 694, Stats. 1898.

3. In an action by a taxpayer to recover, on behalf of a county, public moneys illegally paid out by the county treasurer, a judgment for the amount in favor of plaintiff and against the defendants, including the county, was erroneous. It should have been adjudged that the county recover of the other defendants liable therefor the amount of the damages found, and that plaintiff recover from the same defendants his taxable costs.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is a taxpayer's action in equity to recover, on behalf of Bayfield county, certain moneys alleged to have been unlawfully drawn from the county treasury of said county. The action was brought against *William Knight,* John Froseth, and the county of Bayfield, as defendants. It appears by the complaint that the defendants *Knight* and Froseth were respectively treasurer and county clerk of Bayfield county from January 1, 1897, to January 1, 1899, and that the county board of said county had duly fixed their salaries at the sum of $1,200 each prior to the commencement of their terms of office; that at a special meeting of said county board held May 4, 1897, the defendants *Knight* and Froseth, by the exercise of undue influence, and for the purpose of increasing their own salaries, procured the passage by said county board of the following resolution:

"Resolved, that on and after May 1st, 1897, the county clerk and county treasurer be authorized to employ a competent clerk for each office at a salary of $50 per calendar month, with the understanding that the records of said office are so kept as to enable such officers to furnish on demand a correct statement of the condition of the respective offices;" that when said resolution was passed one Axelberg was acting as deputy county treasurer, and one G. Froseth was deputy county clerk, and that each month after the passage of said

resolution, until January 1, 1899, orders were, drawn by the county clerk and chairman of the county board of Bayfield county in favor of said Axelberg and G. Froseth for $50 a month, respectively, which orders were paid by the defendant *Knight* out of the county funds to said Axelberg and G. Froseth, and that neither of said last-named persons performed any duties except such duties as are required by law to be performed by said *William Knight* and John Froseth as county treasurer and county clerk respectively; that prior to the commencement of this action the plaintiff requested said county board to bring action to recover the moneys so paid to said deputies, and that said county board refused so to do. Judgment was demanded on behalf of the county for the money so paid, with interest and costs.

A general demurrer to this complaint was served by the defendant *Knight,* which was overruled and leave given to answer. No answer was served, however, and thereafter judgment was rendered by default to the effect that the plaintiff recover against the defendants the sum of $2,360 "for Bayfield county, and the sum of forty-four 90–100 costs; making, in whole, the sum of two thousand four hundred and four 90–100 dollars." From this judgment, *Knight* appeals.

For the appellant there was a brief by *W. W. Downs,* and oral argument by *W. F. Shea.*

*J. J. Miles,* for the respondent.

WINSLOW, J. The principle that public moneys paid out without authority of law may be recovered of the guilty parties in such an action as the present, where the public officers refuse to act, is so thoroughly established in this state that it is unnecessary to do more than state it.

In the present case it is charged, and not denied, that the county treasurer and county clerk, during their term of office, by their active influence procured the passage of a resolution

by the county board authorizing them each to employ a clerk at a salary, and that thereafter said clerk and treasurer paid to their own deputies, out of county moneys, such salaries so voted.

It is clear that these payments were unlawful. Our statutes provide that the county board shall, at its annual meeting, fix the amount of the salaries of salaried officers to be elected during the ensuing year, and that such salaries shall not be increased or diminished during the officers' term. Sec. 694, Stats. 1898. They further provide that both the treasurer and county clerk shall receive for their compensation the salaries fixed by the county board and no more (secs. 708, 714), and that each may appoint a deputy to aid in the discharge of his official duties and act in case of his absence or disability (secs. 706, 711). There are no provisions for the payment of salaries to such deputies out of the public moneys, and the unmistakable intent of the statutes is that the salary paid to each of such officers is to be in full compensation for the discharge of the duties of his office, whether performed by himself or his deputy. Any payment, therefore, of public moneys to said deputies is illegal, not only because such payment practically amounts to an increase of the officer's salary during his term of office, but also because the law does not authorize it.

Nor have we found in the present case any elements of estoppel, as were found in the case of *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798. In that case the employment of Mr. Grace was shown to be a matter of public notoriety, and it was held that the action was not seasonably begun for the purpose of recovering back from him moneys paid, but in the present case there is no showing of that kind.

It was plainly erroneous, however, to render a judgment in favor of the taxpayer against the defendants, including the county. While the taxpayer is allowed to bring the action, he sues only in the right of the county, and the judgment should

have been that the county of Bayfield recover of the defendants *Knight* and Froseth the amount of the damages found, and that the plaintiff *Etsell* recover against the same defendants his taxable costs.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment in accordance with this opinion.