COLLE, Administratrix, Appellant, vs. KEWAUNEE, GREEN BAY & WESTERN RAILROAD COMPANY, Respondent.

*March 12—April 3, 1912.*

*Appeal: Record: Curing defects: Co-operation of counsel: Hearing on merits: Delays not favored: Relief against mistakes, etc.: Terms: Bill of exceptions: Settlement: Extension of time: Motion for new trial: Stay of proceedings: Judgment: Vacating.*

1. Where an appeal to the supreme court has been properly taken, but the record is imperfect or defective, reasonable time will in general be given, upon reasonable terms, to cure all curable defects; counsel for the respective parties will be expected to co-operate in that regard without adversary motions, delays, or needless costs; and the court will, if necessary, act upon its own initiative to perfect the record sufficiently to enable it to decide an appeal upon the merits, or will so decide it regardless of mere informalities.

2. Mistakes or inadvertences will not, in such a case, be permitted to deprive a party of the opportunity to have his case heard and determined on its merits and with as little delay as practicable; and all attempted interferences with such consideration of a disputed matter rightfully brought here will, unless founded on some substantial reason, be useless.

Colle v. Kewaunee, Green Bay & Western R. Co. 149 Wis. 96.

3. The court will, however, endeavor to make relief from negligence or mistake subject to such terms as may be just and necessary to promote professional discipline and attention to the performance of duty.

4. A motion for a new trial, not "made in open court and entered in the clerk's minutes" as provided in Circuit Court Rule XXXIII, does not operate as a stay of proceedings; and it seems that it cannot so operate, even when made and entered as provided in that rule,—sec. 2861, Stats. (1898), being mandatory to the effect that the clerk, in case of a verdict, shall enter judgment, in the absence of some judicial direction to the contrary.

5. Although, strictly speaking, sec. 2861, Stats. (1898), does not apply where the verdict so finds the facts as to render an order for judgment necessary, yet the spirit of it is that there shall be no delay after verdict by reason of a motion for new trial, unless by order of court.

6. A motion, made five months after notice of the entry of judgment, to vacate the verdict and judgment and grant a new trial or to extend the time for settling a bill of exceptions, was properly denied, no particular reason for vacating the judgment being assigned except that its entry was an irregularity because, it was claimed, a motion for a new trial had operated as a stay, and there being no satisfactory explanation of the delay and no showing of a good-faith purpose to appeal because of supposed prejudicial error. KERWIN and TIMLIN, JJ., are of the opinion that the good faith of counsel in such matters should be presumed.

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

There was a verdict for defendant June 16, 1910. Several days thereafter plaintiff's counsel filed a motion for a new trial. It was entered on the court record and a copy was served on defendant's attorney; but it was not brought to the court's attention or entered on the court journal, nor was there any formal stay of proceedings to give time for hearing it or settling a bill of exceptions. After considerable delay, defendant's attorneys, by written communication, suggested to plaintiff's attorneys that the circuit judge and the attorney having special charge of the case for defendant were about to

go away for a considerable period of absence, precluding opportunity for bringing up the motion for a hearing before expiration of the time for taxing costs; and submitted a stipulation extending such time, to be signed by plaintiff's attorneys if they desired delay in the entry of judgment. The proposition was not favorably responded to, plaintiff's attorneys supposing the mere filing of the motion for a new trial would operate as a stay. Upon plaintiff's attorneys so deciding defendant's attorneys proceeded, in due course, to tax costs and perfect judgment. That was done; plaintiff's attorneys filing objections. Two days thereafter notice of the entry of judgment was served on plaintiff's attorneys. Some five months thereafter, they moved the court to vacate the verdict and judgment and grant a new trial, or to extend the time for settling a bill of exceptions; basing the same on the filed papers in the case and affidavits served showing the facts stated. The motion was denied and plaintiff appealed.

The notice of appeal and undertaking are in due form. The cause was placed on the August calendar of this court and continued by stipulation. When it was reached for a hearing on the January calendar, objection was made thereto upon the ground that the return was defective. The court reached the conclusion that the defect complained of existed and thereupon granted a motion on behalf of plaintiff for time to cure the imperfection and remanded the record to the clerk of the circuit court for Brown county for that purpose. Such clerk, in due time, retransmitted the papers to this court without change. The difficulty was in the papers not being so attached together and certified as to show, definitely, that they were the papers upon which the motion for the order appealed from was grounded. The order recited that it was, in part, granted on an affidavit by one Handyside, clerk of the circuit court for Marinette county, where the motion was heard at special term of the court for Brown county. No such affidavit or copy thereof appeared among the papers. Upon the

cause again being called for a hearing, counsel for defendant objected thereto, as before, and moved for a dismissal of the appeal. In the colloquy between counsel and the court in respect to the matter, it was conceded that all papers affecting the appeal were present except Mr. Handyside's affidavit. Proof was made that such affidavit was not on file; that no copy thereof was ever served on plaintiff's attorneys, and that neither the clerk of the court or such attorneys had been able to obtain a copy for the purpose of filing the same. Whereupon the court ordered that the case should be submitted and the record perfected pending the decision thereof. Thereafter, defendant's counsel furnished the court a copy of the Handyside affidavit. Later counsel for the respective parties filed with the court a written stipulation that such copy should be considered as a part of the record in place of the original and that the appeal should be decided as if a proper clerk's certificate was appended to the record.

The Handyside affidavit does not disclose anything material to the appeal not contained in other papers. It affirms that there was no stay of proceedings when the costs were taxed and that the first motion for a new trial was not made in open court or entered on the court journal.

The record includes an opinion by the circuit judge, rendered upon deciding the motion to vacate the verdict and judgment, which recites that, such motion was denied upon counsel for the plaintiff stating to the court that they had no argument to make or reason to urge why the motion should be granted; that the mere filing of a motion for a new trial did not preclude defendant's counsel from proceeding, as they did, to tax costs and to perfect judgment; that the motion for additional time to serve the bill of exceptions was denied because no sufficient excuse was given for not serving a proposed bill within the time allowed by law. No excuse was offered for delay in serving a proposed bill of exceptions except that counsel relied upon the filing of the motion for a stay and

upon being able to secure a vacation of the judgment for irregularity in entering it before the motion was disposed of.

For the appellant there was a brief by *J. Elmer Lehr* and *Gill, Barry & Mahoney,* and oral argument by *A. R. Barry.*

For the respondent there was a brief by *Greene, Fairchild, North & Parker,* and oral argument by *H. O. Fairchild.*

MARSHALL, J.   Counsel for the respective parties, at the court's suggestion, having joined in completing the record as regards the missing affidavit and waiving defects in the certification of the papers here, the appeal might be disposed of on the merits without discussing questions raised on the motion to dismiss.   However, the time seems opportune for stating, definitely, the policy of the court as to such errors as, a defective clerk's certificate, failure to so arrange the papers as to show, definitely, to what the certificate relates and connect them with the subject for consideration, omission of some paper, and other imperfections which occur at times, giving rise to a motion to dismiss and delay for a remission of the record for correction and re-return of it, which, commonly, only operates, in the end, to waste the time of this court, increase the cost of litigation to one or both sides, and to uselessly, and often prejudicially, impede the administration of justice.

It has come to be the settled policy here to reduce the suggested interferences to the minimum and to expect that members of the profession will regard it to be their duty to clients and the court to aid in making such policy as efficient as practicable, to the end that judicial and professional energy may be concentrated solely upon discovering and vitalizing the real right between adversary parties.

True, as counsel for respondent confidently contended in support of the motion to dismiss because of defects in the record, that disposition of the matter was required if the rule in *Glover v. Wells & M. G. Co.* 93 Wis. 13, 66 N. W. 799, and

*Hoffman & B. Mfg. Co. v. Burdick,* 95 Wis. 342, 70 N. W. 470, were to be adhered to.

There was doubt soon after the rule mentioned was announced, as to defects of the nature suggested being jurisdictional and the propriety of dismissing an appeal for such defects without giving opportunity to perfect the record. So in *Tenney v. Madison,* 99 Wis. 539, 75 N. W. 979, instead of the summary way being followed, time was granted to remove the imperfections, as was done in this case. However, later, in *Schomberg H. L. Co. v. Engel,* 114 Wis. 273, 90 N. W. 177, there was a return to such summary method, and, still later, in *Milwaukee T. Co. v. Sherwin,* 121 Wis. 468, 98 N. W. 223, 99 N. W. 229, there was a repetition thereof, the result being more definitely than ever put on the ground of jurisdictional defect. The rule was referred to in a way to indicate that it was one of much severity and that negligence or mistake giving rise to an application of it was such as to merit quite severe penalties as a condition of relief.

The course indicated was, perhaps, a logical result of *Glover v. Wells & M. G. Co., supra,* and cases referred to therein,— *Bowen v. Malbon,* 20 Wis. 491; *Carpenter v. Shepardson,* 43 Wis. 406, and *Bunn v. Valley L. Co.* 63 Wis. 630, 24 N. W. 403,—though it should be noted that it was not till the last instance that the court came to treat mere defects in the manner of certifying the record to this court as strictly jurisdictional error. In the first, the court affirmed the result below because, the record not being complete, it was presumed that, if it were so, it would support the determination complained of. The same course was taken in the last, while in the other the order here was for a dismissal, unless the record were perfected within thirty days, because, in its then state, the matter in controversy could not be considered on the merits.

Thus, it will be seen, the definite practice to dismiss for want of jurisdiction, because of defects in the record, not

having to do with the notice of appeal or undertaking, was not adopted for over thirty years after the court commenced dealing with such difficulties.    The trend seems to have been to greater and still greater strictness, according to the harshness of common-law practice, instead of harmonizing with the liberal spirit of the Code, that the doors of the court shall open easily to any one in good faith seeking a remedy for a wrong existing or threatened; that no inconsequential mistake nor any negligence, not affecting injuriously the adverse party, shall even tend to close them, and that a party shall not, necessarily, suffer, irrelievably, from the negligence or mistake of counsel or officers of the court or himself; the dominating thought, at all points, being to administer justice so as to accomplish the purpose of judicial administration.

Appreciating that, under the statute creating the right of appeal and the adjudications respecting the matter, well illustrated by *Harrigan v. Gilchrist,* 121 Wis. 127, 212, 99 N. W. 909,—a mere defective return could not well be considered as involving jurisdictional error in case of the appeal having been properly taken, and that the manner of treating such a defect and others including such as existed in this case, is purely a matter of judicial administration and control,— the existing practice was practically superseded by the spirit if not the letter of the new rules to the effect that, in general, parties will be given reasonable time upon reasonable terms to cure all curable defects in the record.    Under such change of policy the uniform course has been to do so and call upon counsel for the respective parties to co-operate in that regard without adversary motions, delays, and needless costs.    To that end attention has been turned to preventing any substantial advantage being afforded to the side seeking to profit by such a defect.    In most any such case, counsel can, easily, surmount the difficulty by treaty and thus best serve their clients. The court will look with favor upon efforts to do so, with disfavor upon refusals to make such effort upon the one side or

co-operate on the other, and, if necessary, will use its ample power to protect litigants, so far as practicable, from destructive consequences in case of mistake of counsel or officers or otherwise. The case will not often arise where counsel can well expect to gain any worth-while advantage by failing to co-operate, as indicated, or hesitating to do so.

Following the course suggested, the first motion to dismiss in this case was denied without costs, and the papers ordered returned to the clerk of the circuit court, to afford appellant's counsel opportunity to perfect the record. Upon the matter coming up again after re-return of the imperfect record, the second motion to dismiss was denied without costs and the cause ordered argued and submitted, with the intimation that the court would exercise its authority, on its own initiative if necessary, to sufficiently perfect the record to enable it to decide the appeal upon the merits. That took counsel by surprise, to their prejudice as they seemed to suppose, because they had placed such reliance upon competency to obtain the dismissal as to omit printing, serving, or filing a brief on the merits.

The court took the somewhat summary method of making progress in the litigation, because it appeared, satisfactorily, that a little mutual effort by counsel would easily remove any meritorious ground for dismissal. That the court was warranted in that view, is evidenced by the fact that such effort was successfully made, in compliance with judicial suggestion, and counsel are to be commended therefor. Distinction can be gained by taking that course, in general, without any judicial coercion, though the court will not hesitate to apply the latter where justice seems to demand it. No litigant will be permitted to lose opportunity of having his case heard and determined on its merits, and that too with as little delay as practicable, by mistake or inadvertence, or the adverse party to gain any advantage by casting hindrances in the way of that result. The spirit of the Code as voiced in sec. 2829 of

the Statutes, emphasized by ch. 192, Laws of 1909, will be vitalized here to the fullest extent intended by the givers of the written law, to the end that the court may respond as fully as possible, in fact as well as in theory, to the conception of our system that it shall afford justice between adversary parties so far as human wisdom can accomplish that result. All attempted interferences with consideration of a disputed matter on the merits which may rightfully be brought here, unless founded on some substantial reason, will be useless, though the court will endeavor to make relief from negligence or mistake subject to such terms as may be just and necessary to promote professional discipline and attention to the performance of duty.

We may well add, in harmony with the foregoing, that, aided by the concession of counsel on the argument of the motion to dismiss, that all papers were here except the Handyside affidavit and that the paper transmitted after argument was a copy thereof, the court would not hesitate, regardless of consent of counsel, to dispose of the appeal on the merits notwithstanding the mere informality of the clerk's certificate and the very negligent manner in which the papers were returned. Even without such copy such course would probably be taken since there are clear indications in the papers of the right of the matter and because of the presumption which exists in favor of an order or judgment complained of, in case of the complete record upon which it is based not being here properly certified.

Coming to the merits, we are unable to find any worthy of extended treatment. Counsel confessed upon the hearing of the motion at the circuit that they were unable to assign any particular reason, supported by argument, for vacating the verdict and judgment. There was not, even, a satisfactory showing of good-faith purpose to settle a bill of exceptions and appeal to this court which was interrupted by the entry of judgment. The motion seems to have been based, wholly, on the theory that the filed request to vacate the verdict and

grant a new trial worked a stay and so the rendition of judgment was irregular. If there were such irregularity it would not be good ground, in view of sec. 2829 of the Statutes, for vacating the judgment unless it was really prejudicial to the adverse party. It was not such in the absence of a satisfactory showing of good-faith purpose to appeal because of supposed prejudicial error, and none was suggested.

But the difficulty complained of was not even an irregularity. The motion for a new trial did not operate as a stay of proceedings. It was not "made in open court and entered in the clerk's minutes" (the journal of court proceedings as they occur) as provided in Circuit Court Rule XXXIII. The mere filing with the clerk of a motion and serving a copy thereof on the attorney for the adverse party is not a compliance with such rule. Moreover, it seems that the rule itself, in that it affords counsel for a losing party competency to stay proceedings without any action of the court, is in conflict with sec. 2861, Stats. (1898), which is mandatory to the effect that the clerk, in case of a verdict, shall enter judgment in the absence of some judicial direction to the contrary. The trial court so ruled and no reason is perceived why such ruling is not correct. The section does not apply, strictly speaking, in face of a verdict so finding the facts as to render an order for judgment necessary, but the spirit of it is that there shall be no delay after verdict, such as was sought in this case, except by order of court. The rule must give way to the statute.

Nothing particular need be said respecting the denial of the motion for an extension of time to settle a bill of exceptions. It was grounded on want of satisfactory explanation of the delay for several months and any showing of good-faith purpose to challenge the verdict for substantial error. In that situation it seems clear that the motion was properly denied. It is not perceived how any other course could well have been taken. Certainly such course did not involve an abuse of judicial discretion.

*By the Court.*—The order is affirmed.

KERWIN and TIMLIN, JJ., are of opinion that no further showing of good faith, or "good-faith purpose to settle a bill of exceptions and appeal," was necessary; they think the good faith of counsel in such matters should be presumed and that there is nothing in this record to impeach that presumption. Aside from this they concur in the affirmance of the order.