TOWN OF HUMBOLDT, Respondent, vs. SCHOEN, imp., Appellant.

*April 26—May 15, 1917.*

*Drains: Towns: Unlawful expenditure of money: Recovery: Pleading.*

1. A resolution adopted by the electors at an annual town meeting providing that the town be brought under the county and state drainage system and that the town board should lay out the different districts and fix the number thereof, was not a proceeding had under ch. 54, Stats. 1915, relating to town drains.
2. Except as otherwise provided by statute for specific drains, such as for highways under sec. 1236, Stats. 1915, the only authority given to a town to provide or pay for a drainage system is that given by ch. 54. Sec. 776 does not give such authority or contemplate the expenditure of town money for a drainage system.
3. The words "other charges and expenses of the town" in sub. (1), sec. 776, Stats., mean only other *lawful* charges and expenses.
4. When facts showing an unlawful expenditure of the town's money are pleaded, damage is sufficiently made to appear.

APPEAL from an order of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

Action to recover moneys claimed to have been illegally paid out of plaintiff's treasury by the defendants, who were officers of the plaintiff town. After stating the corporate character of plaintiff the complaint alleges:

"2. That at the times hereinafter mentioned the defendants *Louis Schoen,* Eugene Panure, and John Pigeon were the duly elected, qualified, and acting supervisors of the said town of *Humboldt,* and that at the said times the defendants Fred Clabots and Joseph Baumgart were the duly elected, qualified, and acting clerk and treasurer, respectively, of said town.

"3. That at the annual town meeting of said town held April 6, 1915, the following resolution was introduced and adopted by the electors thereof, to wit: 'Motion made and seconded that the town of *Humboldt* be brought under and is hereby brought under the county and state drainage system; and be it further resolved that the town board of super-

visors of said town shall lay out the different districts and fix the number of districts in said·town at their first meeting after this day.    Dated this 6th day of April, A. D. 1915. Signed, Jacob Kaster.    Adopted.'

"4. That no further proceedings in the way of raising money to carry out the purpose of said resolution or otherwise relating to said matter were had at said meeting or at any meeting of said town, except as mentioned hereinafter.

"5. That thereafter, and without any lawful authority or proceedings other than mentioned above, and without any lawful authority so to do, said town board entered into a pretended contract with the Steller Engineering Company to survey and lay out the lines for a proposed system of drainage ditches in said town and employed workmen to. assist in doing said work.

"6. That said Steller Engineering Company and others so employed then proceeded to survey and run lines for an extensive system of drainage ditches in said town, and that said defendant *Louis Schoen* pretended to perform work and labor with the said surveyors.

"7. That thereafter, and on the dates mentioned hereafter, town orders were issued by said town board payable to said Steller Engineering Company and other persons so employed in payment for said services in making such survey, as follows, to wit: [Here follows a list of orders aggregating $1,214.]

"8. That said orders were duly countersigned by said defendant Fred Clabots as town clerk, he, the said Fred Clabots, then and there well knowing that there were no funds in the town treasury which could lawfully be used to pay said orders, and well knowing all the facts heretofore alleged.

"9. That said orders were paid by said defendant Joseph Baumgart, as town treasurer, out of funds of said town which had been raised for general town purposes and for highway purposes, he, the said Joseph Baumgart, then and there well knowing that there were no funds in said town treasury which could lawfully be used to pay said orders, and well knowing all the facts heretofore alleged."

Then follow allegations showing demand upon the defend-

ants for the repayment of the money and their refusal so to do and that plaintiff has the authority to bring the action.

To this complaint the defendant *Louis Schoen* interposed a general demurrer, which was overruled, and from an order entered accordingly he appealed.

The cause was submitted for the appellant on the briefs of *Sheridan, Evans & Merrill,* and for the respondent on that of *M. E. Davis* and *Minahan & Minahan,* all of Green Bay.

VINJE, J.  It is quite evident that the resolution of the electors of the town providing that it should be brought under the county and state drainage system, and that the town board should lay out the different districts and fix the number thereof, was not a proceeding had under ch. 54 of the Statutes of 1915, relating to town drains.  But counsel for defendant contend that the procedure authorized by said chapter is merely cumulative and that the electors had the power, under the provisions of sec. 776, Stats. 1915, to provide for a drainage system and expend money therefor.  The language of the section relied upon is as follows: "To vote to raise money for the repair and building of roads or bridges, or either; for the support of the poor and defraying all other charges and expenses of the town."  Sub. (1).  Counsel is mistaken in the view that ch. 54 gives a cumulative procedure.  It is the exclusive way in which a system of town drains may lawfully be adopted.  Except as otherwise provided by statute for specific drains, such as for highways under sec. 1236, Stats. 1915, the only authority given a town to provide or pay for a drainage system is that given by ch. 54.  Neither does sec. 776 contemplate the expenditure of town money for a drainage system.  If the phrase "and defraying all other charges and expenses of the town" included that of a drainage system, then it might be held to include the expense of any other work or scheme which the officers of

the town might undertake. The phrase must be limited to mean only other lawful charges and expenses of the town.

Claim is also made that the pleader does not allege that the resolution was not in conformity with the provisions of ch. 54. The complaint alleges that the board, "without any lawful authority so to do," entered into the pretended contracts for the work for which the money was paid. Besides, the court will take judicial notice of the contents of ch. 54. The contention that no facts showing damage are alleged is equally without merit. When facts showing an unlawful expenditure of the town's money are pleaded, damage is sufficiently made to appear. *Milwaukee v. Binner,* 158 Wis. 529, 149 N. W. 211.

*By the Court.*—Order affirmed.