TOWN OF HUMBOLDT, Respondent, vs. SCHOEN, Appellant, and others, imp., Respondents.

*December 6, 1918—January 7, 1919.*

*Towns: Drains: Unauthorized expenditures: Recovery from town officers: Ultra vires acts: Estoppel: Parties defendant: Joint wrongdoers: Contribution.*

1. Where, because it was not a proceeding under ch. 54, Stats., a resolution adopted at a town meeting, purporting to establish a drainage system and authorize the town board to fix and lay out districts in the town, did not confer any lawful authority upon the town officers, town moneys expended by them in procuring a survey and laying out of a system of drainage ditches may be recovered in an action by the town against them.

2. The acts of the town officers having been *ultra vires,* the town is not estopped from recovering the moneys so unlawfully expended by them, either by the fact that the electors adopted said resolution, by their ratification and approval of the acts of the officers in relation thereto, or by their subsequent formal authorization of the expenditure of town funds to defray expenses incurred in carrying out the project.

3. The action to recover the moneys so unlawfully expended may be brought by the town against any one or more of the of-

Humboldt v. Schoen, 168 Wis. 414.

ficers who participated in the illegal act, and those sued have no right to have their joint wrongdoers made parties defendant. If any right to contribution arises in favor of those against whom a recovery is had, it must be pursued in a separate action.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

This action was brought by the town to recover the sum of $1,214, with interest and costs and disbursements, for sums alleged to have been illegally expended by the defendants as town officers.

The complaint alleges that *Louis Schoen, Eugene Panure,* and *John Pigeon* were supervisors of the town of *Humboldt* and that Fred Clabots and *Joseph Baumgart* were respectively clerk and treasurer; that at the annual meeting of the town held April 6, 1915, the following resolution was adopted by the electors of the town: "Motion made and seconded that the town of *Humboldt* be brought under and is hereby brought under the county and state drainage system, and be it further resolved, that the town board of supervisors of said town shall lay out the different districts and fix the number of districts in said town at their first meeting after this day;" that the town board, without lawful authority other than that mentioned in the resolution, made a contract with the Steller Engineering Company to survey and lay out a system of drainage ditches in the town, and thereafter town orders payable to the Steller Engineering Company and other persons so employed were issued to the amount of $1,214; that the orders were issued by direction of the defendant *Schoen* as being audited by the town board, and countersigned by the defendant Fred Clabots as town clerk, and were paid by *Joseph Baumgart* as town treasurer out of the funds of the town which had been raised for general town purposes and for highway purposes and in part by a special tax levied by the town board, all of the officers thus mentioned presumptively

knowing that the funds in the town treasury could not lawfully be used for this purpose.

The answer of the defendant *Schoen* alleges that the various acts of the town board were performed by authority given them by the town meeting under the resolution and subsequent appropriation of money in part payment of the amount sued for; that the board acted in good faith; that the work of procuring the survey was a necessary preliminary to the establishment of a drainage system for the town; that the work covered a period of about one year, and that at all times the residents and taxpayers of the town knew of the work and acquiesced in it; that the acts of the town officers were fully approved at the town meeting held in April, 1916. The answer further alleged that the town contained a population of more than 500 and had one or more incorporated villages located therein and that the town board was therefore vested with authority, under sub. (13), sec. 776, Stats., to incur these town obligations under the resolution adopted at the town meeting held on April 6, 1915.

A joint answer, filed by the defendants *Panure, Pigeon,* Clabots, and *Baumgart,* alleges that the sum of $500 had been raised by the town for the purpose of meeting a part of the indebtedness mentioned in the complaint and that this special fund had been used by the defendant *Louis Schoen* towards paying the indebtedness; that by authority from the electors of the town the remainder of the money so used was paid by money borrowed by due authority of the electors of the town; that the defendants *Eugene Panure* and *John Pigeon* never authorized the payment of the money and had nothing to do with the payment thereof; that the defendants Fred Clabots and *Joseph Baumgart* performed the acts relative to the payment of the money in good faith, not knowing of any illegality and believing that they had full authority in the matter; that at the regular meeting subsequent to the payment of the money the clerk reported the

matter concerning the payment of the money to the electors and that the electors acquiesced in the payments; that by reason of their silence and acquiescence the town and its electors are estopped from claiming any illegality of such payments and from recovering the same from the defendants.

The jury found by special verdict, among other facts, that *Louis Schoen* and Fred Clabots, as officers of the town, issued town orders in payment for the survey for drains to the amount of $1,214 and that the same were paid by the treasurer, *Joseph Baumgart;* that the town orders were signed by *Louis Schoen* and Fred Clabots before the tax for the payment of such orders had been voted by the electors of the town; that *Louis Schoen* and Fred Clabots issued and signed these orders before the town board had audited and authorized the issuance of them; that Fred Clabots issued and signed them knowing that no tax for their payment had been voted by the electors and knowing that the town board had not audited them; that *Joseph Baumgart,* the treasurer, paid the orders knowing that the electors had never voted a tax for the drainage fund and knowing that the town board had not audited the claims; that the town board placed $500 in the tax levy for the year 1915 which was purposely raised as a drainage fund; that the town electors at their annual meeting in 1916 voted a fund of $500 and authorized the borrowing of $200 as a fund to pay for such survey work.

A verdict was directed in favor of the defendants *Panure* and *Pigeon.* The court, upon motion after verdict, dismissed the action against the treasurer, *Fred Baumgart,* and judgment was entered against the defendants *Schoen* and Clabots for the amount demanded in the complaint, with interest and costs.

From this judgment appeal is taken.

For the appellant there was a brief by *Sheridan & Evans* of Green Bay, attorneys, and *Daniel W. Sullivan* of Milwaukee, of counsel, and oral argument by *Phil Sheridan.*

For the respondent *Town of Humboldt* there was a brief by *M. E. Davis* and *Minahan & Minahan,* all of Green Bay, and oral argument by *Mr. Davis* and *Mr. Hugh A. Minahan.*

SIEBECKER, J.    On the former appeal of the case to this court (165 Wis. 541, 163 N. W. 177) it was determined that the resolution adopted by the electors at the annual town meeting in April, 1915, was not a proceeding under ch. 54, Stats., relating to town drains; that the only authority conferred on the town to establish, maintain, and pay for a drainage system is that provided for in ch. 54, Stats., and that sec. 776 does not confer such authority nor authorize the expenditure of town money for a drainage system.    The facts of the case as established at the trial sustain the complaint so far as the foregoing propositions are involved and that decision necessarily rules the case upon these points.    It logically follows that the town officers had no authority to establish this town drainage system; that their acts in relation thereto were clearly *ultra vires* and afford no protection to them in an action by the town to recover the funds so unlawfully expended by them for this purpose.    *Etsell v. Knight,* 117 Wis. 540, 94 N. W. 290; *Douglas Co. v. Sommer,* 120 Wis. 424, 98 N. W. 249; *Washburn v. Lee,* 128 Wis. 312, 107 N. W. 649; *Milwaukee v. Binner,* 158 Wis. 529, 149 N. W. 211; *Milwaukee v. Reiff,* 157 Wis. 226, 146 N. W. 1130.

It is urged that the court erred in holding that the plaintiff town is not estopped by the acts of the electors in authorizing by resolution the establishment of a town drainage system, by ratifying and approving the acts of the defendants as town officers in relation thereto, and by their formal authorization of the expenditure of town funds to defray expenses incurred in carrying out this project as directed by them. Nothing need be added to what has been said by this court on the subject that estoppel cannot apply to *ultra vires* acts of municipal officers.    The cases above cited and *McGowan v. Paul,* 141 Wis. 388, 123 N. W. 253; *Menasha W. W. Co.*

*v. Winter,* 159 Wis. 437, 150 N. W. 526, fully establish this rule.

"It is one thing to apply the doctrine to the irregular use of a power that exists, and quite another thing to create a forbidden power by a forbidden act. The former is nothing more than a waiver of the regularity of the exercise of a power which the municipality may exercise—a valid ratification of an irregular act because there was the power to exercise it regularly. The latter would be the creation by an unlawful act of a power expressly withheld." *Menasha W. W. Co. v. Winter, supra,* p. 448.

The circuit court properly held that the town is not estopped from proceeding against the town officers to recover the town money which the officers caused to be paid out without any authority in the law. The resolution adopted by the electors April 6, 1915, obviously did not direct the town board to exercise the powers conferred on towns by sub. (13), sec. 776, and therefore the court did not err in rejecting evidence bearing thereon. The undisputed facts show that the town funds were illegally disbursed by town officers, and that the town has a cause of action against all or any of them who participated in this illegal act. Since the cause of action is based on such wrongful act, the town can sue to recover the amount thereof from any one or more of them, as it may deem best, and those sued have no right to have their joint wrongdoers made parties defendant to the action, nor have the defendants against whom judgment is awarded for recovery of these moneys the legal right to have the other town officers who acted with them made defendants for the purpose of enforcing whatever rights they may have, if any, for contribution from them if they pay the amount recovered against them. The plaintiff is not to be subjected to having such rights between defendants tried out in its action. This record clearly shows that no such questions were attempted to be litigated, and hence the court did not commit prejudicial error in dismissing the case as to *Baumgart,* the town treasurer, to which the plaintiff makes

no objection. If any right of contribution arises in favor of appellant *Schoen,* upon payment of the judgment, he must pursue this right in a separate action against the other wrongdoers. *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378.

*By the Court.*—The judgment appealed from is affirmed.