PACIFIC NATIONAL FIRE INSURANCE COMPANY and others,
Respondents, vs. IRMIGER, Appellant.*

*January 17—February 15, 1949.*

* Motion for rehearing denied, with $25 costs, on April 12, 1949.

The cause was submitted for the appellant on the brief of *Bie, Welsh, Trowbridge & Wilmer* of Green Bay, and for the respondents on the brief of *Everson, Ryan, Whitney & O'Melia* of Green Bay.

ROSENBERRY, C. J.   Upon this appeal the defendant argues that the entry of the judgment deprived him of property without due process of law; that the defendant cannot be required to pay damages without a trial by jury, and that no determination of defendant's liability could be made by the successor to Judge GRAASS, because Judge BOILEAU neither heard nor read the testimony.   To the contrary the plaintiffs contend that in the absence of a bill of exceptions the only question before the court is whether the verdict supports the judgment.

Plaintiffs further contend that under sec. 270.48, Stats., a bill of exceptions might have been settled after the death of the trial judge, but the defendant made no effort to comply with the statutory procedure.   In order to resolve the contentions made by the respective parties in this case it is necessary for us to consider some statutory provisions:

Sec. 270.66, Stats., provides:

"Whenever a finding or verdict shall be filed the successful party shall perfect the judgment and cause it to be entered within sixty days after such filing and if he fails so to do the clerk of the court shall prepare and enter the proper judgment, but without costs to either party,"

and further provisions governing cases where stay has been granted, but no stay was granted in this case.   If, as plaintiffs contend, they were the successful parties, the obligation was on them to perfect the judgment in this case.   All that the plaintiffs did was to make a motion for judgment on the ver-

dict, which at the request of the opposite party they did not bring on for a hearing, although no specified time for the extension was agreed upon.

Sec. 270.31, Stats., provides:

"Upon receiving a verdict the clerk shall make an entry on his minutes specifying the time and place of the trial, the names of the jurors and witnesses, the verdict, and either the judgment rendered thereon or an order that the cause be reserved for argument or further consideration. If a different direction be not given by the court the clerk must enter judgment in conformity with the verdict."

The clerk of the court did not comply with the provisions of this statute.

It is considered that this section upon which the plaintiffs rely in charging responsibility for the delay to counsel for defendant does not apply under the facts of this case.

In *Colle v. Kewaunee, Green Bay & Western R. Co.* 149 Wis. 96, 105, 135 N. W. 536, the court said:

"Moreover, it seems that the rule itself [Circuit Court Rule XXXIII], in that it affords counsel for a losing party competency to stay proceedings without any action of the court, is in conflict with sec. 2861, Stats. (1898) [now 270.31], which is mandatory to the effect that the clerk, in case of a verdict, shall enter judgment in the absence of some judicial direction to the contrary. The trial court so ruled and no reason is perceived why such ruling is not correct. The section does not apply, strictly speaking, in face of a verdict so finding the facts as to render an order for judgment necessary, but the spirit of it is that there shall be no delay after verdict, such as was sought in this case, except by order of court. The rule must give way to the statute."

Sec. 270.66, Stats., already quoted, provides that the successful party shall perfect the judgment and cause it to be entered within sixty days after it is filed. In *Dresser v. Lemma,* 122 Wis. 387, 395, 100 N. W. 844, the court had under con-

sideration sec. 2894*a,* Stats. 1898, now 270.66. The court said:

"This statute obviously can have complete application according to its terms only when the judgment follows the verdict or findings as a mere clerical act, so that the clerk can enter it without further judicial action. It is only when the clerk 'can prepare and enter the proper judgment' that the statute requires that act to be done to the exclusion of costs to the prevailing party. This view of the statute has been fully adopted. [Cases cited.] The verdict in the present case presented no such situation. It was a mere finding of certain facts, from which the court might judicially decide on more than one kind of judgment. On the verdict alone, possibly, might or might not be ordered an alternative judgment for recovery of property or for value, or merely recovery of property, in plaintiff's favor, and either for return or value to defendant or merely for value. *These questions had to be considered by the trial court, and not until they had been resolved and direction given was there any complete finding in response to which either the defendant or the clerk could prepare and enter the proper judgment.* We deem it clear, therefore, that defendant was entitled to sixty days after the court had decided these questions in which to tax his costs."

Such is the general rule of law. See 14 C. J. S., Clerks of Courts, p. 1241, sec. 33 *et seq.* See also 10 Am. Jur., Clerks of Courts, p. 951, sec. 16; Anno. 158 A. L. R. 1091.

In *State ex rel. Barber v. McBain,* 102 Wis. 431, 435, 78 N. W. 602, the court said:

"This statutory power of the clerk to thus exercise the judicial function in putting an end to the existence of the court until the next term is an extreme one, and is to be exercised only within the exact conditions prescribed by the statute, which clearly contemplates a situation analogous to the commencement of a term by law, and a similar failure of the judge to be present at an appointed time, in order to confer this authority on the clerk."

The trial court therefore was in error in holding that either under sec. 270.66 or sec. 270.31, Stats., the clerk could have entered judgment in the case at bar at any time. While the verdict as rendered by the jury finds in response to the first two questions that the defendant deposited the material in question against the walls of the building, and that such deposit was the natural and direct cause of the fire, questions three and four find that the defendant was not negligent and that such negligence was not the natural and direct cause of the fire.

The reason that the clerk could not enter judgment under either of these statutes is that the acts of the clerk of the court are ministerial and clerical, and he may not exercise judicial power except in accordance with the strict language of a statute conferring such power upon him. In 11 C. J., Clerks of Courts, p. 890, note to sec. 83, will be found an extended citation of authority as to what constitute judicial acts.

It is obvious from a consideration of the verdict in this case that a determination as to the proper judgment to be entered requires the exercise of judicial power and the performance of a judicial act.

In the plaintiffs' complaint it is alleged that the defendant, by his servants and agents, had at various times during a period of several days immediately preceding the 6th day of May, 1944, negligently deposited certain highly inflammable refuse, a by-product of defendant's dry-cleaning operations, at a point in close proximity to the building heretofore referred to, and had negligently permitted said inflammable refuse to remain and accumulate into a large pile immediately adjacent to said building; that on the 6th day of May, 1944, the defendant by his servants and agents negligently and carelessly deposited burning coals and clinkers, thereby causing an intense fire which spread uncontrollably to the adjacent building of plaintiffs' assignors, and caused substantial damage to said building and to its contents. That as a proximate result of the aforesaid negligence of the defendant, the building owned

by the trustees of the estate of F. R. Buchholz, and which was insured against damage by fire by the plaintiffs, was damaged to the amount of $4,062.08.

It seems clear that this is therefore an action for damages caused by the negligence of the defendant. In response to questions three and four the jury found that the defendant, by his agents and servants, was not negligent, and then went on to find that such negligence was not the natural and direct cause of the fire that destroyed a portion of the building and its contents. What, if any, judgment should be entered upon this verdict was not determined by the court, except by implication, when it ordered judgment.

The action being one for damages alleged to be due to the negligence of the defendant, and the jury having found that there was no negligence, what judgment should be entered upon the verdict must be determined by a court. That determination can only be made upon a consideration of the evidence offered and received on the trial. So far as the record discloses, no consideration has been given to this aspect of the case.

It is considered that in the interests of justice, under the circumstances of this case, there being no bill of exceptions and there being no way to settle one because of the death of the reporter, the judgment should be reversed and the cause be remanded for a new trial, the costs to abide the event of the action, except that the appellant shall pay the clerk's fees in this court.

*By the Court.*—Judgment reversed and cause remanded for further proceedings as indicated in this opinion, appellant to pay the clerk's fees in this court.