ROGER L. HARTMAN, District Attorney, Buffalo County
You advise that the Buffalo County clerk of court and the county treasurer have been ordered by a Buffalo County board resolution to make search of their records and then to sign certificates for abstractors to the effect that there are no outstanding judgments, liens or state tax warrants on the property. Apparently the officers involved were signing such certificates at the time of the adoption of such resolution. The board's resolution requires that the officer charge the abstractor one dollar for the search and the certificate.
You specifically ask whether the clerk of court and the county treasurer must search their records and, if so, where the liability lies if the officers mistakenly certify that the land is not encumbered.
In my opinion, the county board is not empowered to require that either officer search records or certify the results of those searches.
I. COUNTY TREASURER
The county treasurer is a county officer subject only to the statutes and to the authority given by the statutes to the governing board of the county. 37 Op. Att'y Gen. 624, 625 (1948).
34 Op. Att'y Gen. 13 (1945), addressing the question whether a county treasurer was required, upon request of a bank, to certify as to the state of tax payments on particular real estate stated:
 "We are of the view that the only duty the treasurer has in the matter of certifying with respect to taxes is to certify with *Page 359 
respect to any records in his possession relating to taxes imposed upon any particular parcel of land. That is an entirely different matter than a certification in the nature of a conclusion as to what his records disclose."
The relevant statutes have not substantively changed since the 1945 opinion. The county treasurer is under no statutory duty to search his records or to certify the results of that search.
The question remains as to whether the county board may require the search and certification here involved. In my opinion, it may not. County boards have only those legislative powers conferred upon them by statute, expressly or by clear implication. Maier v.Racine County, 1 Wis.2d 384, 84 N.W.2d 76 (1957). If there is any doubt as to an implied power, the court will find that there is no power. Dodge County v. Kaiser, 243 Wis. 551, 11 N.W. 318
(1943). Moreover, in Reichert v. Milwaukee County, 159 Wis. 25,35, 150 N.W. 401 (1914), it is stated:
 ". . . Within the scope of the authority conferred by the legislature the county, through its board of supervisors, may by its acts arouse official action and official duties upon the part of other county officers, but the powers of the latter derived from the state legislature may not be taken away or narrowed by action of the county board nor enlarged except in cases in which the legislature has authorized such limitation or enlargement. . . ." (Emphasis supplied.)
See also 63 Op. Att'y Gen. 220, 225 (1974)
In reading through the statutory powers of the county board, one can find no reference to record searches, certifications, fees payable to the county treasurer, or any other topic related to certifying the results of a record search for a fee. The county board is given general authority under sec. 59.07 (5), Stats., to represent the county, to have the management of the county business and concerns where no other provision is made, and to levy taxes and appropriate money; but the resolution of the county board ordering record searches and certifications does not fall within even a broad interpretation of this statute.
From what has been said above, it is clear that the county treasurer of Buffalo County cannot be required by the county board to make the record search in question and sign the above-described *Page 360 
certificate. The county board simply lacks the power to impose such a requirement on the county treasurer, and its effort to do so by resolution, absent such power, is plainly a nullity.
II. CLERK OF COURT
The "clerk of court" referred to in your letter to me is, I understand, the clerk of circuit court, hereinafter called the "circuit court clerk."
As a public officer, the circuit court clerk has only those powers expressly conferred on him by statute, or those additional implied powers that are necessary for the due and efficient exercise of the powers expressly granted him, or powers that may be fairly inferred from such expressed powers. Kasik v. Janssen,158 Wis. 606, 609, 610, 149 N.W. 398 (1914). Under current Wisconsin statutes, such clerk has numerous and varied powers, but he possesses neither an express nor implied power to make the search and execute the certificate here in question. Does the county board resolution here involved give him such power? In my opinion, no, because the county board has been given no power authorizing it to require the circuit court clerk to make the search and execute the certificate here involved. Under case law cited in Part I hereof, it is clear that the county board resolution here involved, issued absent any statutory power in the county board to require performance of the acts therein specified, is a nullity as to the circuit court clerk, just as it is to the county treasurer. It imposes no duty on either of them.
III. LIABILITY
You have also asked what liability attaches if the officers mistakenly certify that the land is not encumbered. Assuming a mistake as a result of negligence on the part of county officers, the officers and/or the county may very well be financially responsible for consequent damage. Liability questions are decided on specific facts; generalizations are impossible. Because it appears that the issue is speculative and no such claim confronts the county at present it is impossible to be more specific. I call your attention to the following cases and materials which deal with scope of employment: Meyer v. Carman,271 Wis. 329, 73 N.W.2d 514 (1955), Chart v. Dvorak, 57 Wis.2d 92,203 N.W.2d 673 (1973), Cords v. Ehly, 62 Wis.2d 31,214 N.W.2d 432 (1974), and Lister v. Board of Regents, 72 Wis.2d 282,240 N.W.2d 610 (1976) and liability for ultra vires acts: Lister, *Page 361 supra, Humboldt v. Schoen, 168 Wis. 414, 170 N.W. 250 (1919) and 63 Am. Jur. 2d Public Officers and Employees sec. 288, 67 C.J.S.Officers sec. 126.
BCL:JHM
 *Page 1