CAL W. KORNSTEDT, Corporation Counsel Dane County
The Dane County Clerk of Courts has proposed that the county board adopt a non-refundable processing fee for persons desiring to make installment payments under certain court orders. Under this apparently judicially created system of installment payments, a defendant might be granted up to one year to pay a fine or forfeiture imposed by the court. Under the clerk's proposal, the processing fee of $10 would be retained by the county in its general fund. It is your understanding that other counties apparently are in the process of enacting a similar fee for either the same or somewhat similar payments.
With this background, you ask whether the county board has authority to adopt such a processing fee and, in the alternative, whether the clerk of court possesses direct authority to impose such a fee even if the county board does not act.
It is my opinion that both the county board and the clerk of courts lack the authority to impose such a non-refundable processing fee.
As a public officer, the clerk of courts has only those powers expressly conferred by statute or those additional implied powers that are necessary for the due and efficient exercise of the powers expressly granted or powers that may be fairly inferred from such express powers. Pacific Nat. Fire Ins. Co. v. Irmiger,254 Wis. 207, 211-12, 36 N.W.2d 89 (1949); 66 Op. Att'y Gen. 358, 360 (1977). Even at a time when the clerk of circuit court was not a salaried officer but received *Page 224 
compensation only in fees, the court held that payment by the county to the clerk in addition to the statutory fees could not be justified by merely allowing unauthorized charges or items in the fee bills presented by the clerk.St. Croix County v. Webster, 111 Wis. 270, 87 N.W. 302 (1901).See also Green Lake Co. v. Waupaca Co., 113 Wis. 425, 438-41,89 N.W. 549 (1902). Today, the clerk of court's powers and duties are largely found in sections 59.39 to 59.42, Stats.
Section 59.42 (1) provides that the clerk of circuit court shall collect the fees prescribed in sections 814.60 to 814.63. This necessarily implies that the clerk is to collect no other fees. The clerk may refuse to accept any paper for filing or recording under section 59.42 (1) only until the applicable statutory fee is paid.
It has been suggested by others that the clerk is authorized to impose this fee under section 59.395 (8) which requires the clerk to "perform such other duties as required by law." It specifically has been suggested in at least one county that (1) one of the duties required by law is the management of the office of clerk of court, and (2) if as part of the management function a service is provided which is not statutorily required, there is no statutory prohibition to charging a fee to offset the cost of that service. I reject this conclusion as contrary to the principle that the clerk has only those powers expressly conferred by statute or fairly inferred from such expressed powers. Moreover, the Legislature has set the fees the clerk is entitled to retain for services rendered. For example, see sections 814.60 (1) and 814.61 authorizing retention for the use of the county of either a percentage or a specific amount of certain fees collected.
Although each circuit court clerk is required to exercise some discretion in the performance of certain duties (e.g., accepting or refusing to accept a paper for filing or recording before a prescribed fee is paid under section 59.42 (1)), it is my opinion that the Legislature intended a uniform fee schedule throughout *Page 225 
the state. Sections 814.60 to 814.635 provide with great specificity the many fees to be collected by the clerk of court. It is clear that the amounts can be changed only by statewide legislation. It is equally plain that any new fees must also be adopted by the Legislature rather than imposed by the clerk of court or the county board.
As for the county board, it also possesses only those powers expressly conferred upon it or necessarily implied from the nature of the grant of power. Town of Vernon v. Waukesha County,102 Wis.2d 686, 689, 307 N.W.2d 227 (1981); 78 Op. Att'y Gen. 38 (1989); 61 Op. Att'y Gen. 214, 217 (1972). Except where expressly provided otherwise, the county board has no authority under its general powers in section 59.07 or elsewhere to create a fee or establish a higher fee. The administrative home rule provision in section 59.025 cannot form the basis for a county to adopt fees other than those statutorily prescribed because, as I have concluded earlier, the statutory fee schedule is a matter of statewide concern which uniformly affects every county.
Where the Legislature has intended to permit some discretion in the establishment or raising of a fee, it has done so in clear and unambiguous language. For example, see section 814.705 (1) which authorizes a county board to establish a higher fee for collections by the sheriff under section 814.70. No similar provision exists for the establishment or increase of any fee to be collected by the clerk of court.
JED:DPJ *Page 226